[No. 45377. En Banc. January 4, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DUANE EDWARD MURDOCK, *Petitioner.*

*Kessler & Sever, Keith L. Kessler,* and *Daniel C. Sever,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *Douglas B. Whalley* and *David Boerner, Deputies,* for respondent.

*John G. Ziegler* and *Sarah Lytle* on behalf of Seattle–King County Public Defender Association and *Steven Scott* on behalf of Institutional Legal Services, amici curiae.

HOROWITZ, J.—This case raises the question of the proper use of Department of Social and Health Services (DSHS) prison record "packets" as evidence in a habitual offender trial. The State submitted three such information packets as proof of prior convictions in appellant Murdock's trial below. We adhere to the long–standing rule in this state that institutional prison records are not admissible as proof of prior convictions, and remand for a new trial.

Following a conviction for armed robbery in March 1976, appellant was tried under RCW 9.92.090 on the charge of being a habitual criminal. At that trial the State offered three DSHS packets in evidence. Each packet was a record maintained by the department regarding a commitment to a correction facility, and included copies of the judgment, sentence, and commitment order. The first packet entered

into evidence documented a commitment of appellant Duane Edward Murdock in 1959, following a plea of guilty to second–degree burglary. It included appellant's picture, signature, and a copy of his fingerprints. The second packet documented appellant's 1961 commitment following a plea of guilty to carnal knowledge. This packet also included photos, fingerprints, and appellant's signature. The third pertained to appellant's commitment in 1964 following a plea of guilty to second–degree burglary. It included a document containing appellant's signature and fingerprints. Each of these packets was duly attested by the custodian of records of the Adult Corrections Division of DSHS, whose signature was certified by the Secretary of State. The DSHS packets were the only evidence the State offered to prove appellant had been previously convicted, as required by the statute.

Appellant first objected to admission of these packets on the ground the guilty pleas underlying the convictions were not knowingly and voluntarily made. While we do not reach this issue for the reasons stated below, the relevant facts are pertinent to the circumstances of this appeal. Appellant made an offer of proof in the absence of the jury, during which he admitted he had pleaded guilty to charges of burglary and carnal knowledge in the past, but maintained the pleas were entered without full knowledge of their consequences. He claimed specifically that he did not know the plea constituted a waiver of constitutional rights to a jury trial and to confront his accusers. His counsel argued under the rule of *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), which held an involuntary guilty plea renders the resulting conviction void and inadmissible at a subsequent punishment enhancement proceeding. Counsel maintained appellant's prior convictions were also void and inadmissible at the habitual offender trial. Noting that appellant had been represented at each prior proceeding by counsel, the trial court ruled there was no evidence he had been unfairly treated. The court did not examine the records pertaining to the guilty pleas.

Appellant and amici attempt to raise before this court the question whether appellant should have been allowed to collaterally attack the validity of the prior convictions by introducing evidence the pleas were void. Appellant did not raise this issue in his petition for review, however, and we are thus precluded from considering it. Pursuant to our court rule governing the scope of review when a petition for review has been granted, we review only those questions which are raised in the petition. RAP 13.7(c). Appellant raised only the evidentiary question of the proper use of DSHS institutional packets in his petition. We are thus restricted to consideration of this latter issue. We do not consider either the constitutional question raised under *Burgett,* or a third issue pertaining to the conduct of the 1976 robbery trial which was considered by the Court of Appeals.

The second ground upon which appellant objected to admission of the DSHS packets at the habitual offender trial, which was the basis for the argument in appellant's petition for review, is that the packets were not admissible as proof of the prior convictions charged in the information. The form of the documents, appellant in effect claimed, was inadequate under RCW 5.44.010 to show they were authentic copies of originals, admissible to prove the fact of the convictions.

In admitting the packets as proof of the convictions, the trial court relied on RCW 9.92.080(4), which requires DSHS to provide a sentencing court with information concerning the existence of prior judgments against the defendant. The Court of Appeals looked instead to the requirements for admission of court records at trial, which are set out in RCW 5.44.010. The appellate court noted the packets did not meet those requirements, but held appellant had waived his right to require compliance with the statute by admitting in his offer of proof that he had pleaded guilty to such crimes in the past.

This court has consistently held that institutional records documenting commitments, which include copies of

the judgments, sentences, and identification materials, are admissible *solely* to prove the identity of the defendant. Copies of the judgment and sentence which are to be admitted to prove the fact of any conviction must be certified by the court with the *seal* of the court annexed, as required by RCW 5.44.010. This rule of evidence was stated in *State v. O'Dell,* 46 Wn.2d 206, 212, 279 P.2d 1087 (1955) as applied to an out–of–state conviction. The court emphasized that "the original certifications [must] be introduced in evidence." *State v. O'Dell, supra* at 212. The State's failure to comply with the rule in *O'Dell* meant an essential element of proof of conviction was missing. The cause was remanded for a new trial. The rule was expressly applied to Washington records in *State v. Kelly,* 52 Wn.2d 676, 328 P.2d 362 (1958) and *State v. Reed,* 56 Wn.2d 668, 682, 354 P.2d 935 (1960), where the court again stated that institutional records are admissible "solely for the purpose of tending to prove appellant's identity as the person previously convicted . . ."

The statute relied upon by the trial court, RCW 9.92-.080(4), does not alter the effect of this rule. That statute relates to the provision of information to a sentencing court for the purpose of determining an appropriate punishment. RCW 5.44.010, on the other hand, is a rule governing the admissibility of evidence to be submitted to the trier of fact at trial. The purposes of the two statutes are very different, and we find no hint of an intent on the part of the legislature in enacting the sentencing provision to alter the long–standing rule governing admission of public documents into evidence.

█ In this case, the evidence was admissible only to prove appellant's identity, and no competent evidence whatsoever was offered on the second element of the offense, the fact of prior convictions. *See State v. Furth,* 5 Wn.2d 1, 11, 104 P.2d 925 (1940). The burden is on the State, however, to prove each element to the offense beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). The State here did not

provide sufficient evidence regarding the fact of prior convictions to send the issue to the jury.

 We will not presume appellant waived this important right to due process of law. We must "'indulge every reasonable presumption against waiver' of fundamental constitutional rights." *Johnson v. Zerbst,* 304 U.S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938). Here appellant admitted in his *offer of proof* that he had pleaded guilty to the named crimes. He indicated no intention to waive his right to require the State to prove to the jury that he had in fact been convicted of the crimes alleged in the information. Obviously the State believed he had been convicted, and took his testimony as proof of the fact. But the State's obligation is to prove that fact to the *jury,* and it simply failed to introduce any competent evidence in this regard. Appellant was thus denied due process of law and must be accorded a new trial.

It may be argued the remand here is a mere "technicality," and that further proceedings will needlessly duplicate effort. We cannot agree. The intent of RCW 5.44.010 is to require proof of a particular kind upon which a trier of fact may rely with confidence—in this case, proof that the defendant was duly convicted, in a court of competent jurisdiction, presided over by a qualified judge. The original seal of the court annexed to the original attestation by the officer in charge of the record is such reliable proof of the authenticity of the document. No less is required where the increased penalties of the habitual offender statute may be imposed, and where the statutory requirements of proof are so simple and straightforward.

The case is remanded for a new trial on the habitual offender charge.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.