[Nos. 43975-8-I; 44218-0-I; Division One. January 3, 2000.]
44219-8-I; 44459-0-I; 43897-2-I.

THE STATE OF WASHINGTON, *Respondent*, v. J.A.B., *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. K.L.P., *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. R.P., *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. J.J., *Appellant*.

*Gregory Charles Link* of *Washington Appellate Project*, for appellants J.A.B. and R.P.

*Cheryl D. Aza* of *Washington Appellate Project*, for appellant K.L.P.

*Sharon Jean Blackford* of *Washington Appellate Project*, for appellant J.J.

*Norm Maleng, Prosecuting Attorney*, and *Michael Joseph Lang, Andrew J. Ries, Julie Dee Cook* and *William Karl Kirk, Deputies*, for respondent.

PER CURIAM — In these linked cases, four juveniles for the first time on appeal challenge the proof of their criminal history for purposes of calculating their standard range dispositions. In particular, they argue the probation counselor's statement of criminal history in their predisposition reports is not sufficient evidence of their history. Having failed to object to the predisposition reports at disposition, appellants waived this argument. Therefore, we affirm.

## FACTS

In the cases of J.J., J.B., and R.P., the State moved to supplement the record on appeal with the probation counselor's report. A commissioner of this court granted the motions based on evidence that the reports were part of the record considered by the juvenile court. In the fourth case, K.P. provided a copy of his counselor's report along with his motion for accelerated review. In all cases, the reports listed numerous prior offenses, with the dates of offense and dates and nature of disposition. At disposition the court and/or the parties referred to the standard range but did not specify the prior offenses. In no case did defense

counsel object to the calculation of the standard range or the accuracy of the report of criminal history.

## DECISION

Initially, J.B.[1] argued there is *no evidence* of prior adjudications. However, the appellate record now includes the probation counselor's report, which the trial court has certified was in the record below. The report details ten prior convictions. J.B. has moved to modify the commissioner's ruling, arguing that the State seeks to introduce "additional evidence" or "new evidence" not previously offered at any prior hearing. This characterization is incorrect.

The issues involving the disposition report ultimately challenge the unique dual nature of juvenile court record keeping. Juvenile records are divided into the "official juvenile court file" (RCW 13.50.050(2)) and the "social file" (RCW 13.50.010(1)(c)). The official juvenile court file is the "legal file of the juvenile court containing the petition or information, motions, memorandums, briefs, findings of the court, and court orders." RCW 13.50.010(1)(b). The social file is "the juvenile court file containing the records and reports of the probation counselor." RCW 13.50-.010(1)(d). All records "other than the official juvenile court file" are confidential. RCW 13.50.050(3). Thus, the contents of the social file are confidential and not available to public inspection.

■ The policy of confidentiality is designed to protect the privacy of the juvenile's personal and family matters. E.g., RCW 13.50.050(3) (information not in the official file may be released only when the information could not reasonably be expected to identify the juvenile or his family). But the Juvenile Justice Act of 1977 expressly provides

---

[1]For the sake of simplicity, this opinion will use only J.B.'s initials to represent appellants, all of whom make the same central arguments regarding sufficiency of the counselor's disposition report. Any factual differences between the cases are immaterial and do not affect our decision.

that at the disposition hearing the court may rely on all relevant and material evidence, including written and oral reports such as the predisposition report. RCW 13.40-.150(1).

Thus, J.B.'s argument that the report is not properly a part of the appellate record fails. The law regarding juvenile court record keeping shows that the report *was* part of the trial record. When the predisposition report is designated as part of the record below, and there is confirmation that the report was before the disposition court, it is properly considered by the appellate court. Accordingly, we deny the motion to modify the commissioner's ruling and the motion to strike the attachment of the disposition report to the respondent's brief.

J.B. argues he has no duty to produce anything "outside the trial court record." But this argument fails because we have determined that the disposition report is properly part of the trial record. He has not established that the usual rule should not apply: if the appellant challenges the disposition, it is his burden to produce an adequate record for review. *State v. Armstrong*, 91 Wn. App. 635, 959 P.2d 1128 (1998).

Next, J.B. argues that basing his standard range on the criminal history in the disposition report violates his right to due process because the report is insufficient proof. In particular, he argues the counselor's report of his criminal history is only a bare assertion and does not rise to the level of proof by a preponderance of the evidence. He argues that the record is "unverifiable" because it contains no cause numbers or county names.[2]

The State argues appellant may not raise a challenge to the report for the first time on appeal. J.B. suggests that he may raise the issue of the sufficiency of the report for the first time on appeal because it concerns an "erroneous sentence." Yet, he does not point to any specific error in

---

[2]The record suggests no reasonable explanation why the report does not include this additional information. But because of the posture of these cases, we do not decide here whether it is required.

the report. Further, the record clearly reveals that J.B.'s counsel had received a copy of the report before the hearing and raised no objection to its contents.

J.B. waived the challenge to the disposition report by not raising it below. He implies that the State must offer "proof" of prior offenses by introducing the prior orders of disposition. But this is an evidentiary matter. RCW 13.40.150(1) provides that both defense counsel and the prosecutor "shall be afforded an opportunity to examine and controvert" the written reports received by the court and to cross-examine persons submitting the reports. *See also* King County Local Rule LJuCR 7.12(b).[3] J.B. does not allege, nor does the record suggest, that counsel were not afforded this opportunity.

In an analogous case, the Supreme Court has held that even where an element of the crime was a prior conviction, a Department of Corrections officer's unchallenged testimony that the defendant had two prior convictions was sufficient evidence of his history. *State v. Descoteaux*, 94 Wn.2d 31, 35-37, 614 P.2d 179 (1980). Although the best evidence rule required certified copies of the judgments, the defense failed to object on this basis or on the ground of hearsay. Consequently, the trial court did not err, and the testimony was sufficient evidence. *Id.* at 36.

In this case, as in *Descoteaux*, the defense failed to object on any ground to the evidence offered in support of the criminal history or to the calculation of the standard range. While the report may have been objectionable, J.B. waived any objection.

In sum, J.B.'s due process argument fails. Requiring the defendant to object to the report of criminal history does not shift the burden of proof to the juvenile. *Id.* at 31. Due process requires that the evidence relied upon by the sentencing court must be reliable and that the defendant must have an opportunity to refute the evidence. *State v.*

---

[3]The rule provides: "Probation officers shall provide the prosecutor and defense counsel with a copy of their written disposition recommendation at least two days prior to the disposition hearing."

*Cannon,* 130 Wn.2d 313, 332, 922 P.2d 1293 (1996). Appellants fail to show that these requirements were not met. Assuming that the preponderance of the evidence standard applies, we hold that the record is sufficient.

J.B. relies on *State v. Ford,* 137 Wn.2d 472, 973 P.2d 452 (1999) for his contention that due process requires the State to prove his criminal history regardless of whether he objected. *Ford* is not dispositive.

The Supreme Court held that Ford could raise the issue of error in calculating the offender score for the first time on appeal where there was *no* evidence in the record to support classifying the out-of-state convictions as felonies under Washington law. *Id.* at 484-85. The court emphasized that both the court and the State have the duty to establish the classification of the out-of-state conviction. *Id.* at 479-81. But in *Ford* there was *no* evidence to support the State's "bare assertions" that Ford had three California convictions. Further, the court and the State failed completely in their duty to compare the elements of an out-of-state conviction with elements of possible comparable Washington offenses.

Unlike *Ford,* here there is no suggestion that the offenses were committed outside the state. Consequently, there is no need to establish the elements of the crimes, which in any event are easily discernible by reference to Washington statutes. Furthermore, the counselor, the official charged with the statutory duty of keeping accurate records[4] of J.B.'s case, provided a summary of his criminal history. Thus, unlike *Ford,* the criminal history had a "basis in the record." *Id.* at 482.

*Ford* does not require reversal where the probation coun-

---

[4]RCW 13.50.010(3) provides that it is the duty of the court or juvenile justice agency to maintain accurate records. To discharge this duty the court must take reasonable steps to ensure the security and completeness of its records. RCW 13.50.010(3)(b), (c). "Where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and courts presume that they have properly discharged their official duties." *Gallego v. United States,* 276 F.2d 914, 917 (9th Cir. 1960).

selor has submitted a summary of the juvenile's criminal history, the defense fails to show that it did not have an opportunity to review the report and fails to challenge the admissibility or accuracy of the report.

J.B. also raises an ex post facto argument. In his opening brief, he argued that his standard range under the disposition standards in effect on the date of his offense would have been 13-16 weeks. The actual disposition of 103-129 weeks "would require a substantial criminal history." Because he maintained there was no evidence of criminal history, he concluded the standard range was incorrect. Amendments to RCW 13.40.0357 (the sentencing standards for juveniles) took effect after his offense, raising the starting standard range to 15-36 weeks. He argues that each additional prior conviction "significantly increases his standard range," thus disadvantaging him for purposes of ex post facto analysis.

J.B.'s argument is speculative because it is based on the alleged absence of any proof of criminal history. After the record was supplemented with the probation counselor's report, he failed to renew the argument by showing how amendments to the statute affected his sentence in light of the counselor's reported history. We therefore decline to address the matter.

Finally, K.P. raises a similar argument that his manifest injustice disposition is "inherently excessive" because the court never properly determined his prior history and thus his correct standard range. He suggests that the court erred in failing to make findings of fact regarding the nature of his criminal history but cites no authority requiring such findings by the court. The court stated that it had read the probation counselor's dispositional report, which listed six prior offenses. Again, there was no indication that the defense had not seen the report. The verbatim report of proceedings reveals that the prosecutor clearly stated that the standard range for each of the current offenses was "local sanctions." The defense did not object to this statement or dispute it in any way.

We reiterate that on appeal K.P. still does not challenge the accuracy of the report; nor does he challenge the standard range of "local sanctions" in view of the reported criminal history. This court will not find error where none is assigned. If the defense genuinely disputes or even questions the accuracy of the criminal history listed in the report, then it is the responsibility of the defense to raise the issue in the trial court, where factual matters are properly determined.

In the absence of a direct challenge to the report's accuracy either on appeal or in the juvenile court, we find no error.

Affirmed.

Reconsideration denied February 22, 2000.

Review denied at 141 Wn.2d 1020 (2000).