[No. 53559-5-I.   Division One.   November 21, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY RIVERS, *Appellant*.

*Elaine L. Winters* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dennis J. Mc-Curdy, Deputy,* for respondent.

¶1  Cox, C.J. — Neither the federal nor the state constitution requires a jury to determine beyond a reasonable doubt the fact of a prior conviction.[1] Despite speculation about the continued validity of *Almendarez-Torres v. United States,*[2] the United States Supreme Court has not reconsidered that case.[3] Accordingly, we reject the argument of Larry Rivers in this appeal of his convictions for first degree

---

[1] *State v. Smith,* 150 Wn.2d 135, 75 P.3d 934 (2003), *cert. denied,* 541 U.S. 909 (2004); *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2] 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) (fact of prior conviction not an element of aggravated recidivist offense).

[3] *Shepard v. United States,* 544 U.S. 13, 27, 125 S. Ct. 1254, 1263-64, 161 L. Ed. 2d 205 (2005) (Thomas, J. concurring).

robbery, second degree assault, and first degree kidnapping that he was entitled to a jury as part of his sentencing procedures under the Persistent Offender Accountability Act (POAA). Moreover, the other substantive challenges that he makes to the POAA and the restitution order are unpersuasive. The evidentiary rulings that Rivers challenges do not require reversal. The robbery and assault convictions do not violate double jeopardy. But, under the facts of this case, the two crimes merge. We further hold that there was insufficient evidence to prove that Rivers is a persistent offender under the POAA.

¶2 Accordingly, we affirm his robbery and first degree kidnapping convictions, vacate the second degree assault conviction, reverse his life sentence without the possibility of parole, and remand for resentencing.[4]

¶3 An Mam, the victim of the charged crimes in this case, was sitting in his parked car drinking coffee when Danielle McCrae approached him and asked for money. Mam refused, claiming he had no money. McCrae then attempted to kiss Mam. When he again rebuffed her, Rivers appeared, and demanded money from Mam at gunpoint. McCrae climbed into the back seat of Mam's car, while Rivers pushed Mam to the passenger side and got into the driver's seat.

¶4 While Rivers drove, McCrae held Mam by the back of the shirt and demanded money and a ring he was wearing. After 10 or 15 minutes, Rivers stopped the car. He pulled Mam out, demanding his ring and assaulting him. Rivers broke Mam's glasses and several teeth, and inflicted serious cuts and bruises. Rivers and McCrae then took Mam's car and drove off, leaving him to walk home covered in blood.

¶5 When he arrived home, Mam reported the incident to the police. A short time later, a patrol officer stopped Mam's car for a minor traffic violation and, upon learning the car was stolen, arrested Rivers and McCrae.

---

[4] We deny Rivers' motion to strike part of the State's supplemental brief and grant his alternative motion to file an additional supplemental brief in reply to the State's additional arguments.

¶6 The charges against Rivers included first degree kidnapping, first degree robbery, and second degree assault. McCrae, his accomplice, was not tried in this proceeding. A jury convicted Rivers as charged. Based on the argument that Rivers had been previously convicted of certain qualifying offenses, the court sentenced Rivers, as a persistent offender under the POAA, to life without the possibility of parole. The court also imposed an order of restitution.

¶7 Rivers appeals.

## JURY DETERMINATION OF PRIOR CONVICTIONS

¶8 Rivers challenges his life sentence as a persistent offender based on the assertion that the federal and state constitutions grant him the right to trial by jury for two prior "most serious offenses." He claims a jury must find beyond a reasonable doubt that he was convicted of those offenses. Because neither the federal nor the state constitution requires a jury to determine the fact of a prior conviction, we disagree.

¶9 This issue is controlled primarily by *State v. Wheeler*,[5] *State v. Smith*,[6] and the federal cases we now discuss.

### *Federal Constitution*

¶10 Rivers argues that in *Apprendi v. New Jersey*,[7] the United States Supreme Court retreated from its earlier decision in *Almendarez-Torres*,[8] the precedent for our Supreme Court's holding that the federal constitution does not require the fact of a prior conviction to be proved to a jury beyond a reasonable doubt.[9] *Almendarez-Torres*, he contends, does not answer the question before the court be-

---

[5] 145 Wn.2d 116, 34 P.3d 799 (2001), *cert. denied*, 535 U.S. 996 (2002).

[6] 150 Wn.2d 135, 75 P.3d 934 (2003), *cert. denied*, 541 U.S. 909 (2004).

[7] 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[8] 523 U.S. 224.

[9] *Wheeler*, 145 Wn.2d at 117 (holding that "[u]nless and until the federal courts extend *Apprendi* to require such a result, we hold these additional protections are not required under the United States Constitution or by the [POAA] of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW").

cause *Blakely v. Washington*[10] and *Ring v. Arizona*[11] expanded *Apprendi* to require any fact that increases punishment must be decided by a jury. However, this same argument relying on *Ring* was explicitly rejected by our Supreme Court in *Smith*.[12] There, the court noted "the *Ring* Court did not specifically overrule *Almendarez-Torres* or address the issue of prior convictions."[13] The court reaffirmed its holding in *State v. Wheeler* stating that " . . . [in] *Almendarez-Torres* . . . the United States Supreme Court expressly held that prior convictions need not be proved to a jury. Because the Court has not specifically held otherwise since then, we hold that the federal constitution does not require that prior convictions be proved to a jury beyond a reasonable doubt."[14]

¶11 Moreover, *Blakely* did not overrule *Almendarez-Torres*. Rather, in reiterating the *Apprendi* rule, *Blakely* specifically excluded its application to prior convictions, noting that the juries must determine any fact, "[o]*ther than the fact of a prior conviction*," that increases a sentence over the statutory maximum.[15]

¶12 Because prior convictions are not elements of a crime that must be found by a jury beyond a reasonable doubt, Rivers' argument that he was denied due process under the Fourteenth Amendment also fails.[16]

### State Constitution

¶13 *Smith* also held that under the state constitution, "there is no constitutional requirement that defendants be

---

[10] 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[11] 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

[12] 150 Wn.2d 135.

[13] *Smith*, 150 Wn.2d at 142.

[14] *Smith*, 150 Wn.2d at 143.

[15] *Blakely*, 542 U.S. 301 (emphasis added).

[16] *See Apprendi*, 530 U.S. at 476 (" 'under the Due Process Clause . . . any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt' " (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999))).

given a jury trial on the fact of their prior convictions,"[17] rejecting Rivers' argument on state law grounds. Rivers' reliance on *State v. Furth*[18] is misplaced, as the holding of that case was rejected by *Smith. Furth,* a pre-Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, case, held that the state constitution required that a jury determine prior convictions in habitual criminal proceedings.[19] *Smith* disapproved of *Furth*'s reasoning, noting that "the *Furth* court failed to support this proposition with any historical evidence indicating that the drafters meant to include a right to a jury trial on the issue of prior offenses in the constitution."[20] *Smith* concluded that textual language of the constitution, which was the sole basis of *Furth*'s reasoning, "is only one of the factors that this court now uses to determine whether the state constitution grants broader protection of a right than the federal constitution."[21]

¶14 Finally, neither *State v. Hughes*[22] nor *State v. Recuenco*,[23] additional authorities that Rivers submitted, deal with the issue of a defendant's right to a jury trial under the POAA. Thus, neither is helpful to our analysis.

¶15 We adhere to the rationale more fully outlined in *Smith*. None of the case law since that case was decided requires that we retreat from the federal and state authority holding that a right to trial by jury does not exist for the fact of prior convictions.

---

[17] *Smith*, 150 Wn.2d at 156.

[18] 5 Wn.2d 1, 104 P.2d 925 (1940).

[19] *Furth*, 5 Wn.2d at 10.

[20] *Smith*, 150 Wn.2d at 145.

[21] *Smith*, 150 Wn.2d at 145.

[22] 154 Wn.2d 118, 110 P.3d 192 (2005) (holding that a jury, not a judge, must find aggravating factors to enhance a sentence beyond the standard range).

[23] 154 Wn.2d 156, 110 P.3d 188 (2005) (holding that a judge could not apply a firearm enhancement to a sentence for assault without a special finding of fact by the jury that the weapon was a firearm).

## PROOF OF PRIOR CONVICTIONS

¶16 Rivers next argues that there is insufficient evidence to prove the existence and nature of the two prior most serious offenses on which the State relied to establish that he is a persistent offender under the POAA. The prior convictions at issue are a 1987 second degree robbery conviction and a 1989 second degree assault conviction. We hold that the State failed in its burden to prove by a preponderance of the evidence one of the two prior convictions on which it relied to establish that Rivers is a persistent offender.

### *Waiver*

¶17 For the first time in a supplemental brief that this court ordered limited to other questions, the State argues that Rivers waived this insufficiency of evidence argument on appeal by failing to make a specific objection at the sentencing hearing. We disagree.

¶18 The law requires that the State prove by a preponderance of the evidence prior convictions at a sentencing hearing under the POAA.[24] Where a convicted person does not enter into a plea agreement requiring disclosure of prior criminal history, that individual has no obligation to provide evidence of such history.[25] "In the context of sentencing, established case law holds that illegal or erroneous sentences may be challenged for the first time on appeal."[26] "We must ' "indulge every reasonable presumption against waiver" of fundamental constitutional rights.' "[27]

¶19 At the sentencing hearing in this case, Rivers contested the State's position that he was a persistent offender under the POAA. The State correctly points out

---

[24] RCW 9.94A.530(2); *State v. Lopez*, 147 Wn.2d 515, 519, 55 P.3d 609 (2002); *State v. Ford*, 137 Wn.2d 472, 479-80, 973 P.2d 452 (1999).

[25] *Lopez*, 147 Wn.2d at 519.

[26] *Ford*, 137 Wn.2d at 477 (citations omitted).

[27] *State v. Murdock*, 91 Wn.2d 336, 341, 588 P.2d 1143 (1979) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)).

that Rivers did not contest the authenticity of the documents at issue in this case. But authenticity of the admitted documents is not the issue. Whether the State proved by a preponderance of the evidence two most serious offenses is the issue. Moreover, Rivers objected, albeit on other grounds, to the use of the documents at issue and never stipulated that the State had proved by a preponderance of the evidence that any of the evidence established two prior most serious offenses.[28]

¶20 We conclude that Rivers did not waive the right to contest on appeal the sufficiency of the State's proof at the sentencing hearing to prove whether he qualified as a persistent offender under the POAA.

### Sufficiency of Evidence

¶21 The substance of Rivers' primary argument challenging his sentence is that the State failed to prove by a preponderance of the evidence two prior convictions for most serious offenses. We agree that the State failed to prove one of the two convictions on which it relied.

¶22 The State must prove the existence of a prior conviction by a preponderance of the evidence.[29] To establish the existence of a conviction, a certified copy of the judgment and sentence is the best evidence.[30] The State may introduce other comparable evidence only if it shows that the writing is unavailable for some reason other than the serious fault of

---

[28] At the sentencing hearing, Rivers objected to the constitutional validity of the prior convictions as well as the determination of his identity as the person named in the prior convictions. He also specifically objected to use of the criminal history in other judgments and sentences, analogizing that courts have disallowed that approach where the history is out of state. *See State v. Cabrera*, 73 Wn. App. 165, 868 P.2d 179 (1994). He argued that the "items that have been presented by the State . . . are insufficient to establish Mr. Rivers' identity in regards to the two prior convictions." He also argued that "putting all this together on that issue and evidentiary sufficiency, . . . the State has not carried its burden of proof and . . . these convictions cannot be used to sentence Mr. Rivers as a persistent offender."

[29] *Lopez*, 147 Wn.2d at 519; *Ford*, 137 Wn.2d at 479-80; *State v. McCorkle*, 137 Wn.2d 490, 495, 973 P.2d 461 (1999).

[30] *Lopez*, 147 Wn.2d at 519.

the proponent.[31] In that case, comparable documents of record or trial transcripts may suffice.[32] We review de novo the sentencing court's calculation of the offender score.[33]

¶23 At sentencing, the State offered into evidence a certified copy of a July 14, 1989 judgment and sentence for a second degree assault conviction as one of two prior qualifying offenses on which it relied.[34] Rivers' sole contention on appeal regarding this assault conviction is that the certified copy did not contain readable fingerprints and therefore the State did not prove that he was the person sentenced. We reject this argument.

¶24 The State also offered into evidence a judgment and sentence for a March 20, 1987 second degree robbery conviction as the other qualifying offense. Both qualifying offenses are for Washington convictions.[35]

¶25 Unlike the separate certified copy of the judgment and sentence for the assault conviction, the State did not submit a separate certified copy of the judgment and sentence for the second degree robbery conviction. The record is silent on why the State did not also offer a separate certified copy of the judgment and sentence for second degree robbery.

¶26 The record shows that the State offered certified copies of judgments and sentences for other convictions where the robbery conviction was included in Rivers' criminal history.[36] The State also offered a certified copy of Washington State Patrol records containing two uncertified

---

[31] *Lopez*, 147 Wn.2d at 519 (citing *State v. Fricks*, 91 Wn.2d 391, 397, 588 P.2d 1328 (1979) (discussing the best evidence rule)).

[32] *Ford*, 137 Wn.2d at 480.

[33] *State v. Roche*, 75 Wn. App. 500, 513, 878 P.2d 497 (1994).

[34] State's Ex. 2.

[35] The second degree assault conviction is from King County Cause No. 89-1-01665-2. State's Ex. 2. The second degree robbery conviction is from King County Cause No. 86-1-04958-1. State's Ex. 6 at 11-14, 21-24.

[36] State Exs. 3, 4, 5.

copies of the judgment and sentence for the robbery conviction, together with other material.[37]

¶27 We first address Rivers' challenge to the court-certified copy of the judgment and sentence for the 1987 second degree assault conviction that the court admitted into evidence. His claim that the fingerprints on that document are inadequate to show that he was the person named in that proceeding is a challenge to the State's proof of his identity.

■ ¶28 *State v. Ammons*[38] is dispositive. There, the Supreme Court was faced with a similar argument. The court held that where the State is required to prove a prior conviction, identity of names is sufficient proof in the absence of rebuttal by the defendant declaring under oath that he is not the same person named in the prior proceeding.[39] Here, the fingerprint expert who testified at the sentencing hearing was unable to establish from the fingerprints whether Rivers was the person named in the prior judgment and sentence. But Rivers did not present any statement on oath or otherwise argue that he was not the person named in the judgment and sentence. Therefore, the State sufficiently proved Rivers' identity as the person named in the prior conviction for second degree assault.

¶29 We next address the judgment and sentence for second degree robbery. Rivers argues that the copy of this judgment and sentence that is in the record is insufficient to prove by a preponderance of the evidence the second most serious offense.

■ ¶30 *Lopez* and the other cases on which it relies make clear that the best evidence of a prior conviction is a court-certified copy of the relevant judgment and sentence. Here, there is neither a court-certified copy of the second degree robbery judgment and sentence nor an explanation

---

[37] State Ex. 6 at 11-14, 21-24. A photocopy of a certification bearing the date "Apr. 14, 1987" is at 17, but is not attached to either photocopy of the second degree judgment and sentence. We will not speculate on where this photocopy of a certification belongs.

[38] 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986).

[39] *Ammons*, 105 Wn.2d at 189-90.

by the State why that document was not presented to the court at the sentencing hearing. As we have previously noted in this opinion, the judgment and sentence appears to have been from a King County proceeding. We can think of no reason why the State could not have obtained and offered into evidence a court-certified copy of that document as part of sentencing proceedings under the POAA.

¶31 Although a certified copy of a judgment and sentence is the best evidence of a prior conviction, the State may introduce other documents of record or transcripts of prior proceedings to establish a defendant's criminal history.[40] Typically, these will be other court-certified records.[41]

¶32 The issue is whether, in the absence of a court-certified copy of the judgment and sentence for second degree robbery, the State proved by a preponderance of the evidence that Rivers had a second qualifying offense. A careful review of the record and relevant case law shows the State failed in its burden.

¶33 The State submitted certified copies of a number of prior convictions showing the robbery conviction in Rivers' criminal history. In cases where the defense does not challenge the criminal history as presented by the State, this use of prior Washington judgments and sentences satisfies the State's burden.[42] This is true whether the challenge is to the prior convictions' existence or their comparability to Washington offenses.[43] However, if the defendant challenges the use of these documents, as Rivers did here, the State must present additional evidence to carry its

---

[40] *Ford*, 137 Wn.2d at 480; *State v. Vickers*, 148 Wn.2d 91, 119-21, 59 P.3d 58 (2002) (signed docket sheet from Massachusetts court); *State v. Morley*, 134 Wn.2d 588, 611, 952 P.2d 167 (1998) (the entire court-martial record); *State v. Aronhalt*, 99 Wn. App. 302, 306-09, 994 P.2d 248 (2000) (certified verdict forms, judgments, clerk minute entries, and court orders support existence of prior convictions).

[41] *See, e.g., Vickers*, 148 Wn.2d 91; *Morley*, 134 Wn.2d 588 (copy of entire court-martial record); *State v. Winings*, 126 Wn. App. 75, 107 P.3d 141 (2005) (certified copy of minute order and information showing prior convictions).

[42] *Ammons*, 105 Wn.2d at 188.

[43] *State v. Mitchell*, 81 Wn. App. 387, 390 n.2, 914 P.2d 771 (1996).

burden of proving the convictions by a preponderance of the evidence.[44]

¶34 In *State v. Murdock*,[45] the Supreme Court was faced with the question of the proper evidentiary use of Department of Social and Health Services prison record packets as evidence in a habitual offender trial.[46] The court held that

institutional records documenting commitments, which include copies of the judgments, sentences, and identification materials, are admissible solely to prove the identity of the defendant. Copies of the judgment and sentence which are to be admitted to prove the fact of any conviction must be certified by the court with the seal of the court annexed, as required by RCW 5.44.010.[47]

¶35 The court further stated that this rule of evidence and due process had been stated and applied in other cases.[48]

¶36 Here, the court admitted into evidence Exhibit 6, a packet of Department of Corrections documents certified by a records custodian of the Washington State Patrol (WSP) pursuant to RCW 5.44.040 and 43.43.725. They are not court certified.

¶37 We note that the State consistently maintains that the WSP packet includes "a certified copy of the judgment and sentence for [Rivers'] second-degree robbery conviction." The State further asserts that "The judgment included a certification by the King County Superior Court Clerk, dated April 14, 1987."

¶38 Careful examination of Exhibit 6 shows neither assertion is correct. In fact, the certification to which the State refers is not affixed to the photocopy of the judgment

---

[44] *Cabrera*, 73 Wn. App. at 168-69.

[45] 91 Wn.2d 336, 588 P.2d 1143 (1979).

[46] *Murdock*, 91 Wn.2d at 337.

[47] *Murdock*, 91 Wn.2d at 339-40 (emphasis omitted).

[48] *Murdock*, 91 Wn.2d at 340 (citing *State v. O'Dell*, 46 Wn.2d 206, 212, 279 P.2d 1087 (1955); *State v. Reed*, 56 Wn.2d 668, 682, 354 P.2d 935 (1960); *State v. Kelly*, 52 Wn.2d 676, 328 P.2d 362 (1958)).

and sentence.[49] Moreover, those photocopies bear no other indication that they are court-certified documents.[50]

¶39 The lack of a court-certified copy of the judgment and sentence for the second degree robbery conviction is fatal to the State's claim that it bore its burden of proof. Neither the criminal history in other parts of the exhibits nor any other proper evidence in the record before us establishes that Rivers has a second qualifying offense for purposes of the POAA. The State relies on *State v. Descoteaux*[51] and *State v. J.A.B.*[52] to support its position. Those cases, however, are factually distinguishable.

¶40 In *Descoteaux*, the prosecutor failed to present any documentary evidence of the defendant's prior conviction in a trial for escape. Instead he offered the testimony of the defendant's work release officer who testified to the convictions for which Descoteaux had been incarcerated.[53] Descoteaux did not object. On appeal, the Supreme Court distinguished *Murdock*, saying sufficiency of oral testimony to which there was no objection was not at issue in that case. Likewise, here, there is no issue of oral testimony. As in *Murdock*, the issue here is whether the State bore its proper burden of proof to offer a court-certified copy of the judgment and sentence for second degree robbery, or equivalent evidence.

¶41 In *J.A.B.*, the method of proof of the juvenile defendant's prior convictions was not a court-certified copy of the prior dispositions. It was the disposition report.[54] However, J.A.B. made no objection whatsoever to this evidence. This court cited *Descoteaux* as an analogous case. But unlike the case here, the issue there was the sufficiency of other

---

[49] Ex. 6 at 11-14, 17, 21-24.

[50] Ex. 6 at 11-14, 21-24.

[51] 94 Wn.2d 31, 614 P.2d 179 (1980), *overruled on other grounds by State v. Danforth*, 97 Wn.2d 255, 643 P.2d 882 (1982).

[52] 98 Wn. App. 662, 991 P.2d 98 (2000).

[53] *Descoteaux*, 94 Wn.2d at 35.

[54] *J.A.B.*, 98 Wn. App. at 665.

evidence, not whether something less than a court-certified document was sufficient to prove the prior disposition.

¶42 The State also argues that the RCW 5.44.040 requirement of a court-certified copy of the judgment and sentence is inapplicable in this case and that the admissibility of the WSP records is governed by subsequently enacted statutes. We disagree, noting Exhibit 6, on its face, explicitly refers to RCW 5.44.040.

¶43 RCW 10.98.030[55] and RCW 43.43.700, which the State argues govern the admissibility of the WSP records, deal with such records used to prove the identity of the defendant.[56] They do not govern the use of records as proof of a prior conviction's existence.

¶44 Moreover, the Supreme Court in *Lopez* applied the certified copy requirement to evidence presented at a sentencing hearing.[57] It went even further in its application of the best evidence rule, permitting the State to "introduce other comparable evidence only if it is shown that the writing is unavailable for some reason other than the serious fault of the proponent."[58]

---

[55] RCW 10.98.030. Source of conviction histories, provides:

"The Washington state patrol identification, child abuse, and criminal history section *as established in RCW 43.43.700* shall be the primary source of felony conviction histories for filings, plea agreements, and sentencing on felony cases."

(Emphasis added.)

[56] RCW 43.43.700. Identification, child abuse, vulnerable adult abuse, and criminal history section, provides in relevant part:

In order to aid the administration of justice the section shall install systems for the *identification of individuals,* including the fingerprint system and such other systems as the chief deems necessary. The section shall keep a complete record and index of all information received in convenient form for consultation and comparison.

The section shall obtain from whatever source available and file for record the fingerprints, palmprints, photographs, or *such other identification* data as it deems necessary, of persons who have been or shall hereafter be lawfully arrested and charged with, or convicted of any criminal offense.

(Emphasis added.)

[57] *State v. Lopez,* 147 Wn.2d 515, 518-19, 55 P.3d 609 (2002).

[58] *Lopez,* 147 Wn.2d at 519 (citing *State v. Fricks,* 91 Wn.2d 391, 397, 588 P.2d 1328 (1979) (discussing the best evidence rule)).

¶45 To summarize, the State failed to offer a court-certified copy of the 1989 second degree robbery conviction, the best evidence of that conviction, and provided no explanation why it failed to do so. By contesting his status as a persistent offender at the sentencing hearing, Rivers did not waive his right to contest that status on appeal. The State bore its burden of proof for one of the prior qualifying offenses, the second degree assault conviction. But it failed to prove by a preponderance of the evidence the second degree robbery conviction. Due process requires more.

### Remedy

¶46 Rivers maintains that the State should not be permitted another opportunity to prove his prior convictions on remand. We disagree.

¶47 In *Ford*, though the court vacated the appellant's sentence, it permitted the State to seek the same sentence on remand because the defendant had not put the sentencing court on notice of the specific defects claimed.[59] The court reasoned that such a result was required in order to discourage defendants from purposefully failing to raise defects at sentencing in hopes of reversal on appeal, leaving the State without any further opportunity to prove its case.[60]

¶48 Remand is appropriate where, as here, no *specific* objection was raised to the State's evidence on the basis now urged on appeal. Rivers cites *Lopez* for the proposition that the State cannot have a "second bite at the apple." However, *Lopez* was a case in which the State offered no proof whatsoever of the defendant's prior convictions. The court noted that though the State argued Lopez was a persistent offender at the sentencing hearing, "it was nevertheless completely unprepared to prove his prior offenses. 'The State does not meet its burden through bare assertions, unsupported by evidence.' "[61] Where, as here, the State offered some support

---

[59] *State v. Ford*, 137 Wn.2d 472, 485-86, 973 P.2d 452 (1999).

[60] *Ford*, 137 Wn.2d at 486.

[61] *Lopez*, 147 Wn.2d at 523 (quoting *Ford*, 137 Wn.2d at 482).

ing evidence, a specific objection on the basis urged on appeal was required to hold the State to the existing record.

¶49 *In re Personal Restraint of Cadwallader*[62] does not require a different result. There, Richard Cadwallader pleaded guilty to second degree robbery. The court sentenced him to life under the POAA. The State presented his criminal history which included, among other convictions, two "most serious offenses"—a 1978 rape conviction and a 1993 robbery conviction. The State relied on these two latter convictions as two of the predicate offenses for the life sentence. The Supreme Court subsequently decided that a 1990 amendment to the SRA did not permit revival of the rape conviction that had washed out. Cadwallader filed a personal restraint petition.

¶50 The trial court as well as this court permitted the State an opportunity to prove a 1985 Kansas theft conviction at resentencing that would serve to stop the required five-year conviction-free wash out period.

¶51 The Supreme Court reversed, holding that the State could not have an opportunity to prove the Kansas conviction at a new POAA sentencing hearing. In doing so, the court distinguished *State v. Ford.*[63] It did so by pointing out that in *Ford,* the State alleged the predicate conviction. However, in *Cadwallader,* the State had not.[64] The court futher observed that in *State v. Lopez,*[65] a case in which the defendant objected to the State's evidence, the State alleged prior convictions but failed to provide any supporting evidence for one of them. The court denied the State a second opportunity to prove the predicate conviction.[66] But the court did not retreat from the principle stated in *Ford*:

> "[R]emand for an evidentiary hearing is appropriate only when the defendant has failed to specifically object to the state's evidence of the existence or classification of a prior conviction." If the defendant has objected, and the disputed issues have been

---

[62] 155 Wn.2d 867, 123 P.3d 456 (2005). (*Cadwallader* was first cited in Rivers' motion for reconsideration which resulted in our order modifying opinion of February 3, 2006.)

[63] 137 Wn.2d 472.

[64] *Cadwallader,* 155 Wn.2d at 867-77.

[65] 147 Wn.2d 515.

[66] *Id.* at 523.

fully argued at sentencing, the State will be held to the existing record, the unlawful portion of the sentence will be excised, and the case will be remanded for resentencing without allowing the State to produce further evidence. . . . *At sentencing, unlike in* **both** *Ford and* **Lopez,** *the State failed even to allege the out-of-state conviction.*[67]

¶52 Here, unlike in *Cadwallader*, the State alleged and attempted to meet its burden of proof. It failed in its burden of proof for reasons neither party litigated below. Thus, *Ford*, not *Cadwallader*, controls in this case.

¶53 Accordingly, remand to the sentencing court to permit the State the opportunity to meet its burden of proof is appropriate.

¶54 We affirm the convictions for first degree robbery and first degree kidnapping. We address in the unpublished portion of this opinion the status of the second degree assault conviction. We reverse the life sentence without possibility of parole under the POAA and remand for resentencing.

¶55 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.

ELLINGTON and APPELWICK, JJ., concur.

Reconsideration denied February 3, 2006.

Review denied at 158 Wn.2d 1008 (2006).

---

[67] *Cadwallader*, 155 Wn.2d at 878 (emphasis added) (citations omitted) (quoting *Lopez*, 147 Wn.2d at 520)