**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54557-8-II |
| Respondent, | |
| v. | |
| MARCUS OLAJUWN PERSON, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Marcus Olajuwn Person appeals his sentence for felony driving under the influence (DUI). Person argues that the trial court miscalculated his offender score by improperly including a prior misdemeanor for reckless endangerment. The State concedes that the trial court improperly calculated Person's offender score. We accept the State's concession and remand for the trial court to resentence Person using the proper offender score.

FACTS

A jury convicted Person of felony DUI under RCW 46.61.502(1), (6). A DUI becomes a felony if the offender has 3 or more qualifying prior offenses within the previous 10 years. RCW 46.61.502(6)(a). The State alleged that Person had 3 prior qualifying misdemeanor offenses within the last 10 years: reckless endangerment, reckless driving, and a previous DUI. At sentencing, Person stipulated to an offender score of 3. The sentencing court therefore calculated Person's offender score as 3, including 1 point for each of these misdemeanors. Person was sentenced to 13 months in prison, the minimum sentence within the standard range, followed by 12 months of community custody.

ANALYSIS

Person argues that the trial court erred in including his reckless endangerment conviction when calculating his offender score. The State concedes that the trial court improperly calculated Person's offender score as 3 instead of 2. We agree.

"A trial court's discretion to impose a sentence is limited to that granted by the legislature." *State v. Moen*, 4 Wn. App. 2d 589, 603, 422 P.3d 930 (2018). "A sentencing court acts without statutory authority . . . when it imposes a sentence based on a miscalculated offender score." *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997). A miscalculated offender score may be challenged for the first time on appeal, even in some circumstances where the defendant stipulated to the offender score calculation below, but the calculation involved a legal error.[1] *See State v. Roche*, 75 Wn. App. 500, 513, 878 P.2d 497 (1994). "[T]he remedy for a miscalculated offender score is resentencing using a correct offender score." *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004). We review offender score calculations de novo. *State v. Rivers*, 130 Wn. App. 689, 699, 128 P.3d 608 (2005).

To calculate the offender score for felony DUI, a felony traffic offense, RCW 9.94A.525(11) provides, "[F]or each felony offense count one point for each adult and 1/2 point for each juvenile prior conviction; for each serious traffic offense, other than those used for an enhancement pursuant to RCW 46.61.520(2), count one point for each adult and 1/2 point for each juvenile prior conviction."

---

[1] A defendant's alleged error stipulating to incorrect *facts* that support an offender score is not subject to appeal. *State v. Huff*, 119 Wn. App. 367, 371-72, 80 P.3d 633 (2003). Moreover, a defendant can waive their right to appeal an offender score that was knowingly, intelligently, and voluntarily stipulated to as part of a plea agreement. *State v. Hickman*, 112 Wn. App. 187, 190-91, 48 P.3d 383 (2002). Neither occurred here.

Reckless endangerment is neither a felony nor a serious traffic offense, while reckless driving and misdemeanor DUI are both serious traffic offenses. RCW 9.94A.030(45)(a).

Here, the State concedes that Person's offender score should have been 2. Despite the parties' stipulation, the trial court erred in including Person's reckless endangerment conviction when it calculated his offender score. The trial court properly assigned 1 point each for Person's prior reckless driving and DUI offenses. Including the reckless endangerment conviction, however, was unlawful because RCW 9.94A.525 does not instruct sentencing courts to assign a point for reckless endangerment, which is not a serious traffic offense. Person's correct offender score is 2.

## CONCLUSION

We remand for resentencing using the proper offender score.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Maxa, J.