IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82109-1-I |
| | ) | consolidated with |
| Respondent, | ) | No. 82111-3-I |
| | ) | |
| v. | ) | |
| | ) | |
| SERAJ MEHDI TILLISY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Seraj Tillisy challenges his judgment and sentence, arguing that the trial court erred in finding that his two Texas convictions for fraudulent use or possession of identifying information were comparable to Washington's identity theft statute. Because the Texas statute is broader than the Washington statute, the offenses are not legally comparable. And because the State failed to present sufficient evidence supporting its contention that Tillisy's conduct would have violated the Washington statute based upon the same facts, the offenses are not factually comparable.

Tillisy also argues, and the State concedes, that his California conviction for possession of a controlled substance was erroneously included in his offender score in light of State v. Blake.[1] We accept the State's concession.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

Because we conclude that the Texas offenses are not legally or factually comparable to the Washington statute, we need not address Tillisy's alternative claim for ineffective assistance. We remand for resentencing.

FACTS

In 2020, Tillisy pleaded guilty to second degree assault with a firearm enhancement and second degree unlawful possession of a firearm.

Tillisy's criminal history includes two Texas convictions for fraudulent possession or use of identifying information and one California conviction for possession of a controlled substance.

At sentencing, Tillisy argued that his Texas convictions for fraudulent possession or use of identifying information were not legally or factually comparable to Washington's identity theft statute. The trial court rejected Tillisy's argument finding that his Texas convictions were legally and factually comparable to the Washington statute.

Tillisy's two Texas convictions for fraudulent possession or use of identifying information and his California conviction for possession of a controlled substance each contributed one point to his offender score.

The trial court sentenced Tillisy to a standard range sentence based upon an offender score of 11.

Tillisy appeals his sentence.

ANALYSIS

I.  Offender Score

Tillisy argues that his offender score was incorrectly calculated because his two Texas convictions for fraudulent possession or use of identifying information were not legally or factually comparable to Washington's identity theft statute.  We review a trial court's calculation of a defendant's offender score de novo.[2]

A defendant's offender score "is the sum of points accrued as a result of prior convictions."[3]  Convictions for out-of-state offenses can be included in a defendant's offender score where there is a comparable offense provided by Washington law.[4]  Washington uses a "two-part test for comparing foreign convictions."[5]

First, under the legal prong, the "court compares the legal elements of the out-of-state crime with those of the Washington crime.  If the crimes are so comparable, the court counts the defendant's out-of-state conviction as an equivalent Washington conviction."[6]  "If, however, the foreign statute is broader

---

[2] State v. Rivers, 130 Wn. App. 689, 699, 128 P.3d 608 (2005).

[3] State v. Olsen, 180 Wn.2d 468, 472, 325 P.3d 187 (2014) (citing RCW 9.94A.525).

[4] Id. (citing RCW 9.94A.525).

[5] Id. (citing State v. Morley, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998)).

[6] State v. Larkins, 147 Wn. App. 858, 863, 199 P. 3d 441 (2008) (citing Morley, 134 Wn.2d at 605-06); see also id. at 861 (in holding that Ohio's burglary statute was not legally comparable to Washington's burglary statute, the court reasoned that Washington's burglary statute is narrower because it "requires intent to commit a crime against a person or property therein"); Olsen, 180 Wn.2d at 478 (our Supreme Court held that California's crime of terrorist threats was not legally comparable to Washington's crime of felony harassment because the California

than the Washington statute, the court moves on to the factual prong—determining whether the defendant's conduct would have violated the comparable Washington statute."[7] "In this inquiry into factual comparability, the trial court can consider only facts proved to a trier of fact beyond a reasonable doubt or those to which the defendant admitted or stipulated."[8] The State bears the burden of proving by a preponderance of evidence that an out-of-state crime is comparable to a Washington offense.[9]

First, we consider whether Tillisy's two Texas convictions for fraudulent use or possession of identifying information are legally comparable to Washington's identity theft statute.

Texas Penal Code section 32.51(b) provides,

[A person who,] with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: (1) identifying information of another person without the other person's consent or effective consent; (2) information concerning a deceased natural person,

---

crime "criminalizes threats to commit a crime that will result in death or great bodily injury," but some of those same threats in Washington are not criminalized under the Washington statute because they "do not constitute a felony").

[7] Olsen, 180 Wn.2d at 473 (citing Morley, 134 Wn.2d at 606).

[8] State v. Lathem, 183 Wn. App. 390, 398, 335 P.3d 960 (2014) (citing State v. Thomas, 135 Wn. App. 474, 480, 144 P.3d 1178 (2006)); see also State v. Marquette, 6 Wn. App. 2d 700, 706, 431 P.3d 1040 (2018) (the court noted that the trial court erred in concluding that a California conviction for lewd and lascivious acts was factually comparable to Washington's child molestation statute because the court erroneously looked "beyond the facts acknowledged in the guilty plea"); Larkins, 147 Wn. App. at 865 (in holding that Ohio's burglary statute was not factually comparable to Washington's burglary statute, the court noted that in finding otherwise, the trial court erred in making inferences beyond the facts as admitted in the indictment).

[9] Lathem, 183 Wn. App. at 398 (citing State v. Ford, 137 Wn.2d 472, 480-81, 973 P.2d 452 (1999)).

4

> including a stillborn infant or fetus, that would be identifying information of that person were that person alive, if the item of information is obtained, possessed, transferred, or used without legal authorization; or (3) identifying information of a child younger than 18 years of age [has committed this offense].[10]

Under this provision, a person is "presumed to have the intent to harm or defraud another if the actor" possesses the identifying information of three or more people.[11] The Washington identity theft statute, RCW 9.35.020(1), provides, "No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime."[12]

Here, the Texas offense is broader than the Washington offense because in certain factual scenarios, the Texas statute presumes the element of intent. For example, if a person in Texas possessed the identifying information of three people, the State would only have to establish that the person possessed the identifying information.[13] But in Washington, if a person possessed the identifying information of three people, the State would still have to establish that the person possessed the identifying information "with the intent to commit, or to aid or abet,

---

[10] Texas Penal Code § 32.51(b)(1)-(3).

[11] Texas Penal Code § 32.51(b-1).

[12] RCW 9.35.020(1).

[13] Texas Penal Code § 32.51(b-1).

any crime."[14] There is no presumption of intent under the Washington statute.[15]

Further, only the Washington statute contains an age-fraud exception which

exempts a person from being liable for identity theft where the person has

obtained the driver's license of another "for the sole purpose of misrepresenting

his or her age."[16] Because the elements of the Texas statute are broader than the

elements of the Washington statute, the offenses are not legally comparable.[17]

Next, we must determine whether Tillisy's two Texas convictions for

fraudulent use or possession of identifying information are factually comparable to

Washington's identity theft statute.

Here, for both Texas convictions, the State presented the trial court with a

grand jury indictment, listing the elements of fraudulent use or possession of

identifying information and a judgment and sentence referencing Tillisy's guilty

plea. The indictments allege that Tillisy "obtain[ed] and or possess[ed] and or

transfer[ed] and or use[d]" the "identifying information" of two different individuals,

---

[14] RCW 9.35.020(1); see also State v. Vasquez, 178 Wn.2d 1, 10, 309 P.3d 318 (2013) ("Just as mere possession of a controlled substance does not support an inference of an intent to deliver or manufacture, neither does mere possession of forged identification cards support an inference of an intent to injure or defraud.").

[15] RCW 9.35.020(1).

[16] RCW 9.35.020(9).

[17] See In re Pers. Restraint of Lavery, 154 Wn.2d 249, 258, 111 P.3d 837 (2005).

Francisco Mura and Elda Suarez, without their consent.[18]  And for cause number

14-DCR-067214, the State also presented Tillisy's guilty plea, which stated,

> That in Fort Bend County, Texas, I (the same individual indicted in this cause) on August 17, 2014, committed the acts alleged in the indictment in this cause, and that the evidence and testimony would prove beyond a reasonable doubt that the acts and allegations in the indictment in this cause are true and correct.[19]

But the limited facts provided by Tillisy's grand jury indictments, judgment and

sentences, and for cause number 14-DCR-067214, his guilty plea statement, are

insufficient to establish that Tillisy's conduct would have resulted in a conviction

under Washington's identity theft statute based upon the same facts.[20]  Those

facts do not establish what factual circumstances supported a finding that Tillisy

"knowingly" possessed the identifying information nor do they establish his "intent"

in possessing that information.  Because it is unclear whether Tillisy's conduct in

Texas would have violated the Washington statute, the offenses are not factually

comparable.

Finally, Tillisy contends, and the State concedes, that the trial court

erroneously included one point in his offender score for a California conviction for

possession of a controlled substance because in light of our Supreme Court's

---

[18] Compare Suppl. Clerk's Papers (CP) at 165 with Suppl. CP at 182.

[19] CP at 171-74.

[20] See Lavery, 154 Wn.2d at 257 ("Where the foreign statute is broader than Washington's, that examination may not be possible because there may have been no incentive for the accused to have attempted to prove that he did not commit the narrower offense.") (citing State v. Ortega, 120 Wn. App. 165, 84 P.3d 935 (2004)).

decision in Blake, there is no comparable Washington offense. In Blake, our Supreme Court held Washington's simple possession statute unconstitutional.[21] And "a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered" in calculating a defendant's offender score.[22] We accept the State's concession.

Because Tillisy's two Texas convictions for fraudulent use or possession of identifying information are not legally or factually comparable to Washington's identity theft statute, the Texas convictions cannot be included in his offender score. Resentencing is necessary. And because there is no longer a valid comparable Washington offense for Tillisy's California conviction for possession of a controlled substance, remand is also appropriate for resentencing.

II. Ineffective Assistance

In the alternative, Tillisy contends that his counsel was ineffective for "failing to specifically argue that the Texas and Washington statutes are not legally comparable based on Washington's age-fraud exception."[23] We review a claim of ineffective assistance of counsel de novo.[24]

---

[21] Blake, 197 Wn.2d at 195.

[22] State v. Ammons, 105 Wn.2d 175, 188, 713 P.2d 719 (1986); see State v. Markovich, No. 81423-1-I, slip op. at 13-16 (Wash. Ct. App. Aug. 2, 2021), http://www.courts.wa.gov/opinions/pdf/81423.pdf.

[23] Appellant's Br. at 12.

[24] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

To succeed on a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance was deficient and prejudiced his case.[25] "There is a strong presumption that defense counsel's conduct is not deficient."[26] And where defense counsel's decisions "can be characterized as legitimate trial strategy or tactics, performance is not deficient."[27] Prejudice requires a showing of a reasonable probability that the outcome would have been different but for the deficient performance.[28]

During Tillisy's plea colloquy before the trial court, Tillisy's counsel explicitly reserved the right to object at sentencing to the inclusion of certain out-of-state convictions in his offender score. And in both his written materials and at sentencing, Tillisy's counsel focused his argument on the fact that the elements of the Texas offense for fraudulent use or possession of identifying information were broader than the elements of Washington's identity theft statute. Ultimately, we have determined that the Texas offenses are not legally or factually comparable and may not be included in the computation of his offender score. Because it has

---

[25] State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[26] State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004) (citing State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)).

[27] State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009) (citing State v. Hendrickson, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996)).

[28] Id. at 862 (citing State v. Leavitt, 111 Wn.2d 66, 72, 758 P.2d 982 (1988)).

no impact on the outcome of this appeal, there is no need for us to address Tillisy's alternative ineffective assistance claim.

We remand for resentencing.

_____

WE CONCUR:

_____