FILED
COURT OF APPEALS
DIVISION II

2013 SEP -4 AM 10: 13

STATE OF WASHINGTON

BY_____
                  DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 41081-8-II |
| Respondent, | |
| v. | |
| A.G.S., | PUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — A.G.S. pleaded guilty to child rape and child molestation in juvenile court. The State moved for release of A.G.S.'s psychosexual evaluation to the victim's parents. The trial court granted the motion but then granted A.G.S.'s motion to stay the release of the evaluation. Chapter 13.50 RCW makes documents filed with the court clerk's office public (as part of the official juvenile court file) and those not filed with the clerk's office generally confidential. We remand for the trial court's determination on release of the evaluation after applying this distinction.

## FACTS

In February 2010, the State charged A.G.S., a juvenile, with four counts of first degree child rape. The State amended the information, charging A.G.S. with two counts of first degree child rape and two counts of second degree child molestation. A.G.S. pleaded guilty to these charges.

The prosecution and the defense had separate Special Sex Offender Disposition Alternative (SSODA)[1] evaluations performed on A.G.S. The juvenile court had both evaluations before it at the disposition hearing. The court noted that the evaluations were similar in

---

[1] *See* RCW 13.40.162.

methodology and fact finding and that both evaluations concluded that A.G.S. is amenable to treatment. The court also noted, however, that the evaluations did not address the harm A.G.S. had done to the child victims.

Against the backdrop of several statements that family members and counselors of the child victims gave at the hearing detailing this harm, the court declined to give A.G.S. a SSODA disposition, imposing instead the maximum standard range of 53-to-76 weeks' incarceration followed by 24-to-36 months' community custody.

At the victims' parents' request, the State moved for release of the defense's SSODA evaluation to the victims' parents. A.G.S. objected to releasing any information in the evaluation. The court concluded that the victims had a right to information the court considered in making its disposition decision and ordered the defense to redact the evaluation accordingly. The State agreed with the defense's proposed redactions. The trial court entered an order releasing the evaluation based on the following findings of fact and conclusions of law:

Findings of Fact

1. The victims' parents have requested a copy of the Respondent's psycho-sexual SSODA evaluation.
2. The evaluation was used by the Court in determining the Respondent's disposition.
3. The victims' families have a right to know the information considered by the court in making its disposition. This is essential in the open administration of justice.
4. The open and public nature of the courts is central to the administration of justice.
5. The Court finds the following sections of the evaluation were relevant to the Court's disposition decision and related to the particular offense:
   a. Pages 1-5
   b. Page 6 down to the section labeled Sexual History
   c. Page 8 section labeled Millon Adolescent Clinical Inventory
   d. Page 10, beginning with the section labeled Polygraph Examination, through the end of the report to page 15.

6. The law governing the release of Public Records would not allow the release of the evaluation and the victims do not have another way of obtaining this information of which the Court is aware.

Conclusions of Law

1. The portions of the evaluations [sic] mentioned in Finding of Fact Number 4 [sic] shall be released to the victims.[2]

Clerk's Papers at 25-26.

The trial court granted A.G.S.'s motion to stay its decision and entered an order sealing the SSODA evaluation for appeal. A.G.S. timely appeals.

In June 2011, we stayed the appeal pending the Washington Supreme Court's opinion in *Koenig v. Thurston County*, 175 Wn.2d 837, 287 P.3d 523 (2012). In February 2013, we granted A.G.S.'s motion to lift the stay, and the parties filed supplemental briefs.

ANALYSIS

I.    *KOENIG* AND THE PUBLIC RECORDS ACT

The Supreme Court's decision in *Koenig* addresses disclosure of an adult sex offender evaluation only under the Public Records Act (PRA).[3] A.G.S. is not claiming that the juvenile SSODA evaluation is exempt from disclosure under the PRA, and in any case, *Koenig* and the PRA do not control the result here. Rather, the relevant law is chapter 13.50 RCW, which concerns the disclosure of juvenile records.

We review de novo whether the PRA or chapter 13.50 RCW applies to a particular set of facts. *See In re Dependency of K.B.*, 150 Wn. App. 912, 918-19, 210 P.3d 330 (2009).

---

[2] There was only one evaluation, not multiple evaluations, in question here. And the reference to finding of fact 4 is clearly a scrivener's error; the reference should be to finding of fact 5, which mentions the portions of the evaluation to be released.

[3] Ch. 42.56 RCW.

3

"[B]ecause the PRA and chapter 13.50 RCW do not conflict, chapter 13.50 RCW supplements the PRA and provides the *exclusive* process for obtaining juvenile justice and care agency records." *K.B.*, 150 Wn. App. at 920 (citing *Deer v. Dep't of Soc. & Health Servs.*, 122 Wn. App. 84, 92-93, 93 P.3d 195 (2004)).

II.     CHAPTER 13.50 RCW

A.G.S. argues that the defense's SSODA evaluation is a confidential juvenile record not open to public inspection. The trial court decided to release the evaluation because it was part of the court's consideration at disposition. The parties have discussed the PRA and *Koenig*, 175 Wn.2d 837, and have also made policy arguments from various statutory enactments. Because chapter 13.50 RCW controls the evaluation's release based on where the evaluation was filed, we remand for a determination of whether the evaluation is part of the official juvenile court file. If it is, it may be released.

Chapter 13.50 RCW clarifies which juvenile records are confidential. The records in the official juvenile court file—or what chapter RCW 13.50 refers to as the "legal file"—are public: "The official juvenile court file of any alleged or proven juvenile offender shall be open to public inspection, unless sealed pursuant to subsection (12) of this section." RCW 13.50.050(2). "'Official juvenile court file' means the legal file of the juvenile court containing the petition or information, motions, memorandums, briefs, findings of the court, and court orders." RCW 13.50.010(1)(b). In other words, all documents filed with the superior court clerk are public unless sealed by the trial court. On the other hand, the records in the "social file" are confidential: "All records other than the official juvenile court file are confidential and may be released only as provided in this section, RCW 13.50.010, 13.40.215, and 4.24.550." RCW

4

41081-8-II

13.50.050(3); *see also State v. Sanchez*, No. 87740-8, 2013 WL 3761532, at *5 (Wash. July 18, 2013).

If the evaluation is in the trial court's legal file, the file maintained by the superior court clerk, the evaluation is public and the trial court clearly had authority to release it even if it had been previously sealed. If the evaluation is not in the clerk's file, it is confidential, subject to the exceptions listed in RCW 13.50.050(3). *See Sanchez*, 2013 WL 3761532, at *5-6.

We remand for the trial court to determine whether the evaluation may be released under chapter 13.50 RCW.

Penoyar, J.

We concur:

Hunt, P.J.

Bjorgen, J.

5