# FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE DEC 31 2014

For CHIEF JUSTICE



This opinion was filed for record
at 8:00AM on Dec 31, 2014

Ronald R. Carpenter
Supreme Court Clerk

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 89689-5 |
| Respondent, | ) | |
| | ) | En Banc |
| v. | ) | |
| | ) | |
| A.G.S., | ) | |
| | ) | Filed DEC 3 1 2014 |
| Petitioner. | ) | |
| | ) | |

OWENS, J. — By statute, all juvenile offender records must be kept confidential except those in the "official juvenile court file," which are open to the public. RCW 13.50.010(1)(b), .050. In this case, we address whether a particular type of report about a juvenile offender—a special sex offender disposition alternative (SSODA) evaluation, RCW 13.40.162—should be filed in the official juvenile court file and therefore be open to the public. The legislature has explicitly defined the contents of the official juvenile court file as "the petition or information, motions, memorandums, briefs, findings of the court, and court orders." RCW 13.50.010(1)(b). Since the SSODA evaluation does not fit within any of these categories, it is not a part

of the official juvenile court file. Consequently, it is subject to the general rule that all juvenile records not in the official juvenile court file must be kept confidential.

FACTS

In 2010, A.G.S. pleaded guilty to two counts of first degree rape of a child and two counts of second degree child molestation. State law provides a special sentencing alternative option for juvenile sex offenders who have no history of a prior sex offense and whose offense was not a serious violent offense. RCW 13.40.162(1). If an offender is eligible, the court or either party may order a SSODA evaluation to determine the juvenile's amenability to treatment and relative risk to the community. RCW 13.40.162(2). In this case, both the State and A.G.S. ordered separate SSODA evaluations.

The trial court considered both SSODA evaluations and ultimately decided against giving A.G.S. a SSODA disposition. The court noted that while both SSODA evaluations indicated that A.G.S. was amenable to treatment, they did not discuss the damage that A.G.S.'s actions caused the victims.

The State provided a copy of its SSODA evaluation to the parents of the victims, but the parents also requested a copy of the SSODA evaluation conducted at the request of the defendant. The parents said they wanted a copy to help with the children's treatment, although the defense said that the parents were planning on releasing the SSODA evaluation to the public.

The trial court ordered the release of the portion of the defense's SSODA evaluation that it considered in making its disposition. The court found that release was appropriate pursuant to "the open administration of justice" after it found that public records law did not provide a mechanism for release of the SSODA evaluation. Clerk's Papers at 25-26.

A.G.S. appealed, and the Court of Appeals remanded to the trial court with instructions to apply RCW 13.50.050, which provides that certain juvenile records are confidential. *State v. A.G.S.*, 176 Wn. App. 365, 370, 309 P.3d 600 (2013). A.G.S. petitioned for review, arguing that under this court's previous interpretation of RCW 13.50.050, A.G.S.'s SSODA evaluation must be kept confidential. We granted review. *State v. A.G.S.*, 180 Wn.2d 1007, 321 P.3d 1207 (2014).

## ISSUE

Should a juvenile offender's SSODA evaluation be filed in the official juvenile court file and thus be available to the public?

## ANALYSIS

State law provides special protection to records related to the commission of juvenile offenses. RCW 13.50.050. Such records are generally divided into three categories: the "'[o]fficial juvenile court file,'" the "'[s]ocial file,'" and "records of any other juvenile justice or care agency." RCW 13.50.010(1)(b)-(d). This division is significant because the official juvenile court file is "open to public inspection, unless

3

sealed," but "[a]ll records other than the official juvenile court file are confidential" and may be released only pursuant to a few specific statutory provisions. RCW 13.50.050(2), (3). The Court of Appeals has described this "policy of confidentiality" as "designed to protect the privacy of the juvenile's personal and family matters." *State v. J.A.B.*, 98 Wn. App. 662, 664, 991 P.2d 98 (2000).

To analyze where the SSODA evaluation must be filed, one must understand the nature of the document itself. The purpose of the SSODA evaluation is "to determine whether the respondent is amenable to treatment." RCW 13.40.162(2). If an offender is eligible, a SSODA evaluation can be ordered by the court or either party. *Id.* The SSODA evaluation contains, at a minimum: (1) "[t]he respondent's version of the facts and the official version of the facts," (2) "[t]he respondent's offense history," (3) "[a]n assessment of problems in addition to alleged deviant behaviors," (4) "[t]he respondent's social, educational, and employment situation," and (5) "[o]ther evaluation measures used." RCW 13.40.162(2)(a). The examiner also assesses "the respondent's amenability to treatment and relative risk to the community" and provides a proposed treatment plan. RCW 13.40.162(2)(b). The statute does not contain any specific provisions regarding who can conduct the assessment, but in this case, both SSODA evaluations were performed by independent psychologists.

4

Determining how the juvenile offender records statute applies to the SSODA evaluation is a matter of statutory construction. When construing statutes, the court's goal "'is to ascertain and carry out the legislature's intent.'" *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010) (quoting *Arborwood Idaho, LLC v. City of Kennewick*, 151 Wn.2d 359, 367, 89 P.3d 217 (2004)). We first examine the plain meaning of the statute. *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001). In doing so, we may examine the provision at issue, other provisions of the same act, and related statutes. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11-12, 43 P.3d 4 (2002). If the meaning is plain on its face, we give effect to that plain meaning. *Id.* at 9-10. If the statute is ambiguous, we may look to other aids of statutory construction, such as the legislative history, to determine the legislature's intent. *Id.* at 12.

The parties frame the issue as whether the SSODA evaluation belongs in the official juvenile court file or the social file, but our review of the statutory scheme leads us to conclude that the determinative question is whether the SSODA evaluation belongs in the official juvenile court file or not. Our conclusion is based on the phrasing of the confidentiality provision related to juvenile records: "[a]*ll records other than the official juvenile court file are confidential*" and may be released only pursuant to a few specific statutory provisions. RCW 13.50.050(3) (emphasis added). The legislature's phrasing indicates that all juvenile records are by default confidential

5

unless they are part of the official juvenile court file or a particular statutory exemption applies. Thus, the question before this court is slightly more limited: Are SSODA evaluations part of the official juvenile court file? If not, they must be kept confidential, regardless of which other category they might fall under.

Thus, the key issue in this case is the definition of the official juvenile court file. The contents of the file are explicitly defined by statute through the following exclusive list: "the petition or information, motions, memorandums, briefs, findings of the court, and court orders." RCW 13.50.010(1)(b). On its face, the SSODA evaluation does not belong in the court file because it is not a petition or information, motion, memorandum, brief, finding of the court, or a court order. Put simply, it is not a court document. Rather, it is a psychological report that includes a treatment plan.

The State focuses intently on the definition of another category of juvenile records—the social file (which contains "the records and reports of the probation counselor." RCW 13.50.010(1)(d)). The State argues that if a document does not fit into the social file, it should automatically be considered part of the official juvenile court file. But this interpretation is directly contrary to the phrasing of the confidentiality provision, which specifically carves out the official juvenile court file as the only file open to the public and indicates that *all other records* are confidential. Based on this phrasing, the most reasonable interpretation is that documents that do

not fall within the definition of the official juvenile court file should be kept confidential. Accordingly, since the SSODA evaluation does not fall within the definition of the official juvenile court file, we hold that it should be kept confidential.

This holding is consistent with the expressed legislative intent to protect the confidentiality of all juvenile records, with certain enumerated exceptions. RCW 13.50.050(2), (3). This court has already recognized that the "SSODA evaluation may contain sensitive, privileged, or embarrassing information, including details regarding a juvenile's social situation or alleged deviant behaviors." *State v. Sanchez*, 177 Wn.2d 835, 846, 306 P.3d 935 (2013). Holding that the SSODA evaluation belongs in the official juvenile court file means that it is open to the public. RCW 13.50.050(2). We have recognized that "indiscriminately releasing such an evaluation to the public, or to an agency without need or authority to review it, could raise legitimate privacy concerns." *Sanchez*, 177 Wn.2d at 846. Because the SSODA evaluation also contains multiple descriptions of the offenses, RCW 13.40.162(2)(a)(i), it could also contain extremely sensitive information regarding the victims. Making the SSODA evaluation automatically open to the public is contrary to the legislative intent expressed in RCW 13.50.050(3), which provides that *all* records other than the court file are confidential.

The State argues that such a holding creates a conflict with *State v. Loukaitis*, 82 Wn. App. 460, 918 P.2d 535 (1996). Specifically, the State points to a statement in

7

*Loukaitis* where the Court of Appeals indicated that expert testimony from a defendant's own mental health expert is not part of the social file. *Id.* at 467. However, *Loukaitis* is inapposite because the defendant in that case was trying to stretch RCW 13.50.050's protection of the records in the social file to close a juvenile court declination hearing where his psychiatrist was about to testify regarding her diagnosis and medical opinion of the defendant. *See id.* at 463. The court held that *testimony* from the juvenile offender's own expert witness is not part of the social file. *Id.* at 467. That holding is not on point in this case, where we are specifically applying RCW 13.50.050 to *records*.

## CONCLUSION

All records related to a juvenile offender must be kept confidential unless they are part of the official juvenile court file or meet another statutory exception. RCW 13.50.050(3). Since the SSODA evaluation is not included in the list of documents contained in the official juvenile court file, it must be kept confidential. In addition to being consistent with our prior case law, this conclusion is consistent with the legislative intent expressed in RCW 13.50.050(3) to protect the confidentiality of all juvenile records except those belonging in the few enumerated categories laid out in the statute. We remand to the trial court for further proceedings in accordance with this opinion.

WE CONCUR:

Madsen, C.J.

Fairhurst, J.

Stephens, J.

Wiggins, J.

González, J.

Gordon McCloud, J.

Yu, J.