71 P.3d 657 (2003)
STATE of Washington, Respondent,
v.
James Gary BLUNT, Appellant.
No. 27785-9-II.
Court of Appeals of Washington, Division 2.
May 13, 2003.
Publication Ordered June 24, 2003.
*658 Jeremy Richard Randolph, J. Andrew Toynbee, Chehalis, WA, for Respondent.
Manek R. Mistry, Backlund & Mistry, Chehalis, WA, for Appellant.
*659 HUNT, C.J.
James Blunt appeals his sentence for vehicular homicide, claiming insufficient evidence of his prior offenses and improper reference to his silence about these prior offenses. Finding no error, we affirm.

FACTS
Blunt, who had a blood alcohol level of 0.12, hit and killed a bicyclist with his pickup truck. The State charged Blunt with vehicular homicide, hit and run (resulting in death), and driving while license suspended (DWLS). Clerk's Papers (CP) at 30-32. Blunt had a long history of serious traffic offenses, including multiple convictions for DWLS and driving under the influence of alcohol (DUI).

I. PLEA AGREEMENT
Blunt agreed to plead guilty to the vehicular homicide charge, and the prosecutor agreed to recommend dismissing the other charges and sentencing Blunt "within [the] standard range as determined by [the] court." CP at 37. The written agreement also included that the "total standard range is not agreed," that "criminal history is not agreed," that Blunt is "demanding State prove any prior convictions," CP at 36, and that "Defense requires State to prove all relevant prior convictions." CP at 41.
Prior to entry of Blunt's plea, both parties reconfirmed their understanding that the State would prove each of the prior DUI convictions at sentencing. Reiterating that Blunt's prior offenses were "disputed," the trial court accepted Blunt's vehicular homicide guilty plea and dismissed the other charges. Report of Proceedings (RP) 7/03/01 at 7-9.

II. SENTENCING
The sentencing judge was not the same as the judge who had accepted the plea. The State offered Blunt's criminal history as follows:
 1. VUCSA[1] 1998 Lewis County, WA
 2. DUII[2] 2000 Deschutes County, Oregon
 3. DUI 1993 Lewis County, WA
 4. DUI 1990 Lewis County, WA
See CP at 6.

A. Proof of Priors
Blunt admitted the 1998 VUCSA felony. RP 8/20/01 at 4.
To support the Oregon DUII, the State submitted a Deschutes County Circuit Court Judgment of Conviction and Order of Sentence/Probation indicating that "James Gary Blunt" (1) pled "guilty" to "DUII"; (2) was given 24 months of "supervised probation"; (3) was given "45 days in jail"; (4) would be given an "alcohol evaluation and counseling"; and (5) would have his driver's license suspended for one year. The State also submitted chapter 813 of the Oregon Revised Statutes, "Driving Under the Influence of Intoxicants." Exhibit 2.
To prove the 1993 Lewis County/Mossyrock DUI conviction, the State submitted a Lewis County District Court "Judgment and Sentence" indicating that James G. Blunt had been (1) found "guilty" of "DUI"; (2) "[s]entenced to serve 7 days in jail," 183 days suspended and deferred for 2 years; (3) placed on "active Probation" for 12 months; and (4) ordered to "enter treatment program [within] 30 days." Exhibit 4.
To prove the 1990 Lewis County DUI conviction, the State submitted a "Lewis County District Court Docket" computer printout that indicated that James Gary Blunt had pleaded and had been found guilty of "Driving While Intoxicated." Exhibit 3. The State also called the Lewis County District Court Administrator, Pam Zimmerman, who testified that (1) court files for older cases like this one are destroyed after five years, RP 8/20/01 at 14-15; (2) the "docket" is maintained as "a reference for the Court," RP 8/20/01 at 15; (3) nothing seemed out of order with this particular docket, which indicated James Gary Blunt's birth date, driver's license number, height, weight, and eye and hair color, RP 8/20/01 at 15-16; and (4) she *660 had, however, encountered a prior error in the clerk's office such that she could not be "absolutely" sure that everything on this docket printout was correct, RP 8/20/01 at 18-19.
Blunt did not question or contest any of these prior convictions, nor did he ask for an evidentiary hearing or additional proofs.

B. Court's Questions about Defendant's Position
The sentencing court asked whether "statute and case law ... requires the defendant to disclose his prior criminal history." RP 8/20/01 at 23. Blunt replied that "this particular plea" agreement required the State "to prove each prior conviction." RP 8/20/01 at 24. The sentencing court then asked whether Blunt was "denying that he has an Oregon DUI or DUII conviction." RP 8/20/01 at 24. The defense again responded, "Our position is that the state must prove that." RP 8/20/01 at 24.
The sentencing court then stated:
It is my understanding from the Ammons[3] case that if a person pleads guilty, the person has to disclose his prior criminal history. If the state shows a different criminal history, and one or more prior convictions that the state is relying on is denied by the defendant, then the state has to bring forward its proof as to those convictions. But, I mean, if Mr. Blunt is denying he has an Oregon conviction then the state has the burden.
RP 8/20/01 at 24-25. The sentencing court then asked whether the right to remain silent applies during sentencing. RP 8/20/01 at 25. Blunt responded that the right "remains intact through sentencing," noting especially the "possibility of an enhanced sentence" in this case as a result of prior DUIs. RP 8/20/01 at 25-26.
The prosecutor explained, "It is the state's position your Honor, that Mr. Blunt has not denied the Oregon conviction" or the "two prior Lewis County DUI convictions." RP 8/20/01 at 26. The sentencing court then ruled as follows:
Well, for the purposes of calculating the number of enhancements, I will find based upon Exhibit 1, Exhibit 3, and Exhibit 4, as well as Exhibit 2, the Oregon statute, that Mr. Blunt does have a prior DUI[,] as we refer to it[,] conviction. I think the DUII is in the language or the acronym for driving under the influence of intoxicants that the Oregon statute references and that he has a 1990 conviction in Lewis County District Court and a 1993 conviction under 3 and 4 that the Court can rely upon for the enhancement purposes. Taking into consideration that under State v. Ammons[4] there has been no disclosure but also no denial of those convictions by the defendant.
RP 8/20/01 at 26. The court sentenced Blunt to 120 months, which included an additional 24-months for each prior DUI under RCW 46.61.520(2).[5]

ANALYSIS
"In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.370(2) (recodified as 9.94A.530(2) by Laws 2001, ch. 10, § 6).

I. BURDEN OF PROOF
At sentencing, the State bears the burden of proving prior convictions by a preponderance of evidence.[6]State v. Cabrera, *661 73 Wash.App. 165, 168, 868 P.2d 179 (1994).[7] To meet this burden, the State must first produce "evidence of some kind" bearing "minimum indicia of reliability" that supports "the alleged criminal history." State v. Ford, 137 Wash.2d 472, 480-81, 973 P.2d 452 (1999).[8]
If a defendant disputes a factual aspect of a prior conviction as alleged by the State, the sentencing court may either ignore the disputed fact or hold an evidentiary hearing. Evidentiary hearings provide a chance to "contest[]" disputed facts. State v. Ammons, 105 Wash.2d 175, 185, 713 P.2d 719 (1986). But an evidentiary hearing is not required "where the defendant does not specifically object to factual statements" and "request an evidentiary hearing to challenge" them. State v. Garza, 123 Wash.2d 885, 889, 872 P.2d 1087 (1994).
If a defendant neither objects to information presented at sentencing nor requests an evidentiary hearing, "that information is deemed acknowledged."[9]State v. Handley, 115 Wash.2d 275, 282-83, 796 P.2d 1266 (1990). "[A]cknowledgment allows the judge to rely on unchallenged facts and information introduced for the purposes of sentencing."[10]Ford, 137 Wash.2d at 482-83, 973 P.2d 452.
Blunt argues that the State did not present sufficient evidence for the trial court to conclude, by a preponderance of the evidence, that he had the three prior DUI convictions used as enhancements. We disagree.
The State's evidence bore "minimum indicia of reliability," which, especially in the absence of any challenge, proved Blunt's three prior DUIs.[11]Ford, 137 Wash.2d at 480-81, 973 P.2d 452. Blunt neither challenged these priors nor requested an evidentiary hearing. Garza, 123 Wash.2d at 889, 872 P.2d 1087 (evidentiary hearing not required where defendant fails to specifically object to facts and does not request one). Thus, the facts proven by the State are deemed acknowledged by Blunt, and our review of the sufficiency of evidence ends. *662 Handley, 115 Wash.2d at 282-83, 796 P.2d 1266.

II. SILENT ACKNOWLEDGMENT OF PRIOR CONVICTIONS
Blunt argues that Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999), prohibits a sentencing judge from drawing adverse inferences from a defendant's failure to deny prior convictions. Br. of App. 10. Reply Br. of App. 4-5. Mitchell, a cocaine coconspirator, pleaded guilty and waived "the right at trial to remain silent under the Fifth Amendment." Mitchell, 526 U.S. at 317-18, 119 S.Ct. 1307. At the sentencing hearing to determine the quantity of drugs and the correlative sentence, she challenged the sufficiency of the government's evidence. Mitchell, 526 U.S. at 319, 119 S.Ct. 1307.
The trial court held against Mitchell her failure to "come forward" to contradict the government's evidence concerning the quantity of drugs and to "explain [her] side." Mitchell, 526 U.S. at 319, 119 S.Ct. 1307. Under these circumstances, the Supreme Court held that a defendant maintains the right against self-incrimination during a sentencing hearing and that no adverse inferences can be drawn from a defendant's silence "with regard to factual determinations respecting the circumstances and details of the crime," such as the quantity of drugs involved in the crime. Mitchell, 526 U.S. at 321, 328, 119 S.Ct. 1307.[12]
Nonetheless, most courts have generally declined to extend Mitchell to prohibit inferences from silence in the context of sentence enhancements that do not involve factual details of the underlying crime.[13] Similarly, the purpose of Blunt's sentencing hearing was to establish his prior convictions, not to make any "factual determinations respecting the circumstances and details" of the vehicular homicide. Mitchell, 526 U.S. at 328, 119 S.Ct. 1307.
As the Ninth Circuit has explained, Mitchell allows a court to consider that a defendant "offered no evidence to challenge the accuracy of" the State's evidence when the State has met its burden of persuasion: "To hold that Mitchell dictates otherwise would be to allow the defendant's muteness effectively to rebut the government's evidence." United States v. Romero-Rendon, 220 F.3d 1159, 1163, n. 4 (9th Cir.2000) (distinguishing "drawing an adverse inference from a refusal to testify at sentencing (unconstitutional as per Mitchell) with recognizing that where a defendant has put forward no evidence, the uncontroverted evidence introduced by the government may be clear and convincing proof"). Such is the case here.
Here, the State proved Blunt's prior convictions by a preponderance of the evidence. The trial court did not improperly infringe on Blunt's right to remain silent by summarizing this evidence and noting Blunt's failure to challenge it. Nor does the statute allowing the court to infer such acknowledgment infringe on a sentencing defendant's right to remain silent. RCW 9.94A.370(2) (recodified as 9.94A.530(2) by Laws of 2001, ch. 10, § 6). Rather, it simply allows unchallenged, minimally reliable evidence of prior convictions to preponderate toward proof of a prior conviction.
*663 Accordingly, we hold that the sentencing court did not err in enhancing Blunt's sentence based on his prior convictions.

III. ATTORNEY FEES
The State requests "all taxable costs of this appeal, including the cost of the reproduction of briefs, verbatim transcripts, clerk's papers, filing fee, and the State's statutory attorney fees." Br. of Resp. at 8; Response to Pro Se Suppl. Br. at 3 (citing RAP 14.2; RAP 14.3; RCW 10.73.160; State v. Blank, 131 Wash.2d 230, 930 P.2d 1213 (1997)). Because the State prevails, we award statutory attorney fees and costs to the State in an amount to be determined by the commissioner upon compliance with RAP 18.1.
Affirmed.
We concur: MORGAN, BRIDGEWATER, JJ.
NOTES
[1] Violation of the Uniform Controlled Substances Act, RCW 69.50.
[2] Driving Under the Influence of Intoxicants, chapter 813 of the Oregon Revised Statutes. Exhibit 2.
[3] State v. Ammons, 105 Wash.2d 175, 713 P.2d 719 (1986).
[4] 105 Wash.2d 175.
[5] RCW 46.61.520(2) provides that "an additional two years shall be added to the sentence for each prior offense as defined in RCW 46.61.5055" for any vehicular homicide resulting from driving under the influence of any intoxicating liquor or drug. RCW 46.61.5055 defines the sentences for "alcohol violators" under various provisions of RCW title 46, chapter 61.
[6] Blunt "contends, without argument," that using prior offenses as sentence enhancements is unconstitutional under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). The State replies that Ring expressly does not apply when the "fact" leading to the increased punishment is a prior offense.

We need not consider this admittedly unsupported argument, RAP 10.3(a)(5) (briefs "should contain" the "argument in support of the issues presented"), which, in any event, is contrary to the law. Ring does not disturb Apprendi, which carved out a "narrow exception" for prior convictions:
Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.
Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis added) (citing Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).
[7] See also Ammons, 105 Wash.2d at 185 (noting the preponderance standard set by RCW 9.94A.110 (recodified as RCW 9.94A.500 by Laws of 2001, ch. 10, § 6)).
[8] The "best evidence of a prior conviction is a certified copy of the judgment," but "other comparable documents of record or transcripts of prior proceedings" may be used. Ford, 137 Wash.2d at 480-81, 973 P.2d 452 (citing Cabrera, 73 Wash.App. at 168, 868 P.2d 179).
[9] "Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence." RCW 9.94A.370(2) (recodified as 9.94A.530(2) by Laws of 2001, ch. 10, § 6).
[10] The Washington rule that a defendant "acknowledges" any "unchallenged" facts and information applies only when there is sufficient support in the record that satisfies the minimum requirements of due process. Ford, 137 Wash.2d at 483, 973 P.2d 452 ("Acknowledgment does not encompass bare assertions by the State unsupported by the evidence"). Thus, when the only evidence before the sentencing court is the State's uncontested, minimally reliable facts and information, then the evidence preponderates toward a finding of prior convictions.
[11] Oregon DUII. Blunt argues for the first time on appeal that the court cannot tell whether the Oregon DUII was for driving under the influence of alcohol or an inhalant, which is not a crime in Washington. But the Oregon judgment clearly implies that the conviction was alcohol-related because it imposed alcohol evaluation and counseling as conditions of Blunt's sentence; there is no mention of inhalants. Exhibit 1. Oregon law authorizes a court to impose alcohol-related conditions only if his "DUII" was related to alcohol or Blunt had a history of alcohol-related offenses. See, e.g., State v. Douglas, 728 P.2d 548, 549, 82 Or.App. 222 (1986).
[12] Other states have similarly applied Mitchell to sentencing situations where the testimony or inference relates to the facts or elements of the crime. See, e.g., People v. Watkins, 247 Mich. App. 14, 634 N.W.2d 370, 378 (2001) (defendant pleading guilty of "open murder" does not waive right to remain silent at "degree" hearing); State v. Heaton, 770 So.2d 477, 480 (La.Ct.App.2000) (compelling defendant who pleaded guilty to take stand and admit charges at sentencing is inconsistent with Mitchell, but harmless on facts).
[13] See, e.g., State v. Muscari, 807 A.2d 407, 416 (Vt.2002) (may consider defendant's silence in determining if defendant accepts responsibility and expresses remorse); State v. Shreves, 313 Mont. 252, 60 P.3d 991, 997 (2002) (when defendant continues to maintain his innocence, court may not draw negative inference of lack of remorse from defendant's silence at sentencing); Lee v. State, 36 P.3d 1133, 1141 (Wyo.2001) (defendant's failure to cooperate in the PSI is valid factor to consider in sentencing); Woodall v. Commonwealth, 63 S.W.3d 104, 115 (Ky.2001) (defendant pleading guilty and not contesting any facts or circumstances has no right to have sentencing jury instructed not to hold refusal to testify at sentencing hearing against him); Carroll v. State, 975 S.W.2d 630, 632 (Tex.Crim.App. 1998) (adult non-capital defendants pleading guilty and waiving right to silence may be called to testify about prior offenses at sentencing, which as a matter of statute is a "unitary proceeding" with trial).