240 P.3d 159 (2010)
STATE of Washington, Respondent,
v.
Bobby Ray CHANDLER, Appellant.
No. 38726-3-II.
Court of Appeals of Washington, Division 2.
August 3, 2010.
As Amended on Denial of Reconsideration October 26, 2010.
*160 Lise Ellner, Attorney at Law, Vashon, WA, for Appellant.
Melody M. Crick, Pierce County Prosecuting Attorney, Tacoma, WA, for Respondent.

PART PUBLISHED OPINION
ARMSTRONG, J.
¶ 1 Bobby Ray Chandler appeals his sentence for felony driving under the influence (DUI), arguing (1) the State's evidence of his prior convictions was insufficient to elevate his DUI to a felony and (2) his counsel ineffectively represented him by failing to make a record of a sidebar conference. Finding no reversible error, we affirm.

FACTS
¶ 2 On June 7, 2008, Washington State Trooper Gil Vandenkooy arrested Chandler for DUI. Because Chandler had four prior DUI-related offenses within the preceding 10 years, the State charged felony DUI.[1] RCW 46.61.502(6)(a), .5055(13). Before trial, the State agreed not to use Chandler's criminal history in its case-in-chief. Chandler waived his right to have a jury establish his prior convictions beyond a reasonable doubt, allowing the State to offer and prove his criminal history by a preponderance of the evidence if the jury found him guilty.
¶ 3 During the State's key witness's testimony, defense counsel requested a side bar conference. The following exchange took place:
DEFENSE COUNSEL: Sorry, Your Honor, may we have a quick side bar?
THE COURT: You won't have a record.
DEFENSE COUNSEL: That's fine.
(A side bar was held.)
THE COURT: Sorry, we will be at a short break. We will take a recess.
(Recess taken.)
Report of Proceedings (RP) at 156. The content of the side bar conference appears nowhere in the record.
¶ 4 The jury found Chandler guilty as charged. At sentencing, the State requested the maximum 60-month term for a felony DUI. Chandler stipulated to three prior convictions, but he argued that the State had not established a fourth conviction necessary to punish the crime as a felony. Chandler specifically objected to the State's use of certified trial court docket sheets, which were offered to prove six additional DUI-related convictions.[2] Despite acknowledging that *161 the docket sheets were not the best evidence of prior convictions, the trial court found them sufficiently reliable to prove Chandler's criminal history by a preponderance of the evidence. The court sentenced Chandler to 60 months' total confinement.

ANALYSIS

Prior Convictions
¶ 5 Chandler argues the certified trial court docket sheets are insufficient to prove his prior convictions. Chandler reasons that the documents do not possess the required indicia of reliability and that the State did not explain its failure to produce certified copies of the judgments and sentences. The State relies on State v. Labarbera, 128 Wash. App. 343, 348, 115 P.3d 1038 (2005), which held that certified printouts of court documents are sufficient to prove a criminal history by a preponderance of the evidence.
¶ 6 Although prior convictions that are elements of a crime must generally be proved beyond a reasonable doubt, State v. Roswell, 165 Wash.2d 186, 192, 196 P.3d 705 (2008), Chandler waived this right, allowing the State to prove his criminal history by preponderance of the evidence. The best evidence of a prior conviction is a certified copy of the judgment and sentence. State v. Lopez, 147 Wash.2d 515, 519, 55 P.3d 609 (2002). The State may introduce other comparable evidence only if it shows that a certified copy of the judgment is unavailable for some reason other than the serious fault of the proponent. Lopez, 147 Wash.2d at 519, 55 P.3d 609 (citing State v. Fricks, 91 Wash.2d 391, 397, 588 P.2d 1328 (1979)). The State then bears the burden of assuring the sentencing court that the comparable evidence bears "some minimal indicium of reliability beyond mere allegation." State v. Mendoza, 165 Wash.2d 913, 920, 205 P.3d 113 (2009) (emphasis omitted) (citations omitted).
¶ 7 Court-generated documents, other than judgments and sentences, can be sufficient to prove prior convictions. For example, in State v. Blunt, 118 Wash.App. 1, 71 P.3d 657 (2003), the State submitted a "Lewis County District Court Docket" printout to prove that the defendant had been found guilty of a prior DUI. Blunt, 118 Wash.App. at 8-9, 71 P.3d 657 (affirming the defendant's sentence because the docket bore a minimum indicium of reliability and was not challenged by the defendant). To show that the document was reliable, the State had a court administrator testify to the general purpose and use of court dockets, that the docket at issue accorded with the way the court's dockets normally appear, and that it reflected the defendant's birth date, driver's license number, height, weight, and eye and hair color. Blunt, 118 Wash.App. at 5, 71 P.3d 657. In Labarbera, we found a presentence investigation report and a printout from the District Court Information System (DISCIS) reliable to prove the defendant's prior Washington convictions. Labarbera, 128 Wash.App. at 348, 115 P.3d 1038. Typically, records other than a judgment and sentence are sufficient to prove a defendant's criminal record if they are court-certified. State v. Rivers, 130 Wash.App. 689, 701, 128 P.3d 608 (2005).
¶ 8 Less clear is what constitutes a sufficient showing that the best evidence of a prior conviction is unavailable. In Labarbera, 128 Wash.App. at 350-51, 115 P.3d 1038, we found the presentence investigation report and court printout sufficient even though copies of judgments and sentences were in fact available. Nonetheless, under Lopez, 147 Wash.2d at 519, 55 P.3d 609, the State has the burden of showing that the best evidence is unavailable. In Blunt, 118 Wash.App. at 5, 71 P.3d 657, the court administrator explained that the court had only a docket sheet because court files are destroyed after five years. Conversely, in Rivers, 130 Wash.App. at 705, 128 P.3d 608, the court rejected the State's proof of a prior conviction where it failed to offer a certified copy of the judgment and sentence and provided no explanation of why it failed to do so. And in State v. Mendoza, 139 Wash.App. 693, 712-13, 162 P.3d 439 (2007), affirmed, 165 Wash.2d 913, 205 P.3d 113 (2009), we found a prosecutor's statement of the defendant's criminal history insufficient, in part because *162 the State failed to produce certified copies of the judgment or sentence and failed to provide a reason for the omission.
¶ 9 Here, the State provided certified copies of court docket sheets from Tacoma Municipal Court, Puyallup Municipal Court, and King County District Court. In addition to these documents, the State submitted a certified copy of Chandler's driver's license, indicating his address, sex, height, weight, and eye and hair color. All of the docket sheets list Chandler's full name, driver's license number, address, and personal description, matching the information on his certified driver's license. Although Chandler claims these documents are unreliable as a result of unsupervised data entry, the cross-referenced identifying information supports the finding that the docket sheets are, at the very least, minimally reliable. Moreover, all the docket sheets were certified by the various courts, as well as the license by the Department of Licensing. We find the docket sheets reliable.
¶ 10 More troubling is the State's explanation of why the best evidence of prior convictions was unavailable. When the trial court asked the State why it did not provide certified copies of the judgments and sentences, the State responded:
[I]t's my understanding that each of the different courts may have some kind of different filing system or record retention policy. And in light of the differences in the various courts and the dates, the fact that these span over 17 years, some of the courts retain more documents than others. We asked them to send us everything that they possibly have. If they don't have anything other than a court docket, we ask, at a minimum, to send us the certified copy of their dockets.
RP at 281. Chandler claims this explanation merely explains the prosecutor's policy. In Rivers, 130 Wash.App. at 699, 128 P.3d 608, where the State failed to meet its burden of proof, the State was silent as to why it failed to produce a certified copy of the judgment and sentence. Here, the State offered an explanation as to why the best evidence was not available. Although no court administrators testified to the destruction of court files as in Blunt, in light of the State's policy of requesting all the court's documents, the trial court could reasonably infer the lower courts no longer possessed the judgment and sentence records. Because the State is not required to prove unavailability beyond a reasonable doubt, we are satisfied the State adequately explained that it was not at fault for failing to produce judgment and sentence records. The trial court did not err in concluding the State proved Chandler's prior convictions.
¶ 11 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: BRIDGEWATER, P.J., and QUINN-BRINTNALL, J.
NOTES
[1] The State also charged, and Chandler pleaded guilty to, first degree driving while license suspended.
[2] Criminal docket sheets are essentially a short notation of what occurred during the case. Here, the docket sheets contained the defendant's name, address, violation date, charge, and the finding of guilt. Each docket sheet was certified by the court it came from. Neither party designated the docket sheet exhibits as part of the clerk's papers.