**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41111**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2015 Unpublished Opinion No. 756 |
| | ) | |
| **Plaintiff-Respondent,** | ) | Filed:  December 11, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **RONALD G. BIRD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County.  Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of twenty years with seven years determinate for felony sexual abuse of a child under the age of sixteen years, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Ronald G. Bird appeals from his judgment of conviction entered after a jury found him guilty of sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506.  Bird claims that the district court erred in determining Idaho Rule of Evidence 412 barred admission of his neighbor's proffered testimony, abused its discretion and violated his due process right by considering his refusal to participate in a psychosexual examination (PSE) when it imposed his sentence, and imposed an excessive sentence.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

During the summer of 2009, E.W. (age four) and her brother, T.W. (age five) frequently visited seventy-eight-year-old Bird at his home.  They would often walk into his house without

knocking and watch television with him. E.W. called Bird the "candy guy" or "candy man" because he would give the children candy when they visited his home.

Bird's version of the events is as follows: One day, Bird returned home to find E.W. watching television on his couch. Bird went into his bedroom and was putting on his pants when E.W. walked into the bedroom and asked him if he had a "wee-wee." When Bird replied affirmatively, E.W. grabbed his penis and twisted it, and then quickly left. Later that night, E.W. returned to Bird's house and watched television with him in his living room. Bird was reclined in his rocking chair with his pants halfway zipped when E.W. reached down his pants and twisted his penis again. Bird then pushed E.W. over and started to pull down her pants "to teach her a lesson," but stopped because he decided it was her parents' job to discipline her. On another occasion, Bird was using the bathroom with the door open while E.W. was at his house. E.W. walked into the bathroom and asked Bird if he was finished. Bird turned around to face E.W. before doing his pants up and replied affirmatively. E.W. then leaned forward and kissed his penis. After this happened, E.W. had a funny look on her face, so Bird kneeled down and kissed her on the lips to make her feel better.

The State charged Bird with one count of lewd conduct with minor child under sixteen, I.C. § 18-1508, for allegedly causing or allowing E.W. to touch his penis with her hands, and/or by causing or allowing her to touch his penis with her mouth. The State also charged Bird with one count of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506, for pulling E.W.'s pants down and/or by kissing her and/or by otherwise causing or having sexual contact with her.

During trial, one of Bird's neighbors testified that E.W. and T.W. would frequently come to her home and ask for food or candy. Bird's trial counsel also attempted to elicit testimony from the neighbor regarding an event she witnessed between E.W. and T.W. Before Bird's counsel made an offer of proof, the State objected on two grounds: (1) the evidence was prior sexual behavior that fell under I.R.E. 412; and (2) it was evidence of a prior act under I.R.E. 404(b), and the conduct described in the proffered testimony was not substantially conforming to the conduct at issue. Bird's counsel then made the following offer of proof: In August 2009, the neighbor saw E.W., T.W., and another girl playing in the playhouse in the neighbor's backyard. She saw that T.W. had his pants pulled down and she could see his backside. By the time she opened her sliding door and went outside, T.W. had pulled up his

2

pants, but E.W. and the other girl were pulling their underwear down. Bird's counsel stated that the evidence supported the defense theory of the case, which was that Bird did not have any sexual intent toward E.W. and that she touched him because she was sexually curious.

The district court sustained the State's objection, ruling that the proffered testimony was subject to I.R.E. 412 and pursuant to I.R.E. 412, Bird was required to provide an offer of proof no later than five days before the date of trial, which he did not do. The district court further ruled that even if it were to expand or modify the time frame for submitting an offer of proof, the conduct described in the proffered testimony was not substantially similar to Bird's conduct, and therefore, the testimony could not be admitted. At the conclusion of the trial, the jury acquitted Bird of lewd conduct with a child, but found him guilty of sexual abuse of a child.

Bird maintained that he did not have any sexual intent toward E.W. and exercised his right to refuse to participate in a PSE. At Bird's sentencing hearing, the district court indicated that it had reviewed Bird's presentence investigation report (PSI) and offered the following colloquy in regard to Bird's refusal to participate in a PSE:

> Psychosexual evaluations are used to determine the risk level of an individual in a community setting and to determine what treatment is necessary, if any.
>
> In this case, you didn't participate in the psychosexual evaluation, which is your right. And I have no problem with that. But at the same point, the evaluator indicates--and he's correct--that, without that evaluation, I don't know what your risk is to the community.
>
> And simply looking at, did you commit other crimes in the past, does that increase the likelihood that you're going to remain compliant with the law or decrease it? We don't know because of the nature of the offense in general.
>
> Now, if you had prior crimes of sexual abuse and those types of things, then I could say, by refusing . . . to engage in the psychosexual evaluations, obviously with those prior convictions, the risk is extremely elevated.
>
> But, in this case, I don't have enough information about your sexual history and have to, in fulfilling my obligation to protect society, put you at a high risk of re-offending with this type of crime in the future. Because I don't have any other information. And so if I'm going to err, I'm going to err on the side of protecting society and the community.

The district court imposed a unified twenty-year sentence with seven years determinate. Bird timely appeals.

## II.

## ANALYSIS

Bird contends that the court erred when it excluded the neighbor's testimony. Bird further claims that the district court violated his right to due process by increasing his sentence because he exercised his Fifth Amendment right to refuse to participate in a PSE. Finally, Bird argues that his sentence is excessive.

### A. Exclusion of Testimony

Bird argues the district court erred in excluding the neighbor's proffered testimony because I.R.E. 412 does not apply to the testimony. According to Bird, I.R.E. 412 does not apply because the rule only excludes evidence of sexual behavior and E.W.'s conduct in the playhouse was not sexual in nature. The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.*

Rule 412 provides, in part, that "in a criminal case in which a person is accused of a sex crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible." I.R.E. 412(b). "For purposes of this rule, the term 'past sexual behavior' means sexual behavior other than the sexual behavior with respect to which the sex crime is alleged." I.R.E. 412(d). Additionally, a defendant seeking to introduce evidence regarding a victim's past sexual behavior must submit a written offer of proof no later than five days before the date of trial. I.R.E. 412(c)(1), (2).

At trial, Bird attempted to elicit testimony from his neighbor that the neighbor observed E.W., T.W., and another little girl pulling down their underwear in front of each other. Bird asserts that this alleged evidence would demonstrate that E.W. "had seen male anatomy before and may have been curious about it," and would therefore suggest that "she touched [Bird's] penis without his permission or coercion because she had seen a penis before and was curious about it." Bird asserted that the incident demonstrated that E.W. was "sexually curious,"[1] but that sexual curiosity is not "sexual behavior." Bird has not demonstrated that the district court erred in finding that E.W.'s conduct in the playhouse fell within the concept of sexual behavior

---

[1]     On appeal, Bird refers to "anatomical curiosity."

described in I.R.E. 412. Additionally, I.R.E. 412 required Bird to provide an offer of proof no later than five days before the date of trial, which he did not do. Therefore, the district court correctly determined that the evidence was inadmissible under I.R.E. 412.[2]

The State argues that regardless of the applicability of I.R.E. 412, the neighbor's proffered testimony was irrelevant to the charge for which the jury convicted Bird--sexual abuse of a child under the age of sixteen. We agree. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. Inasmuch as Bird admitted to having had physical contact with E.W., which provided the basis for the sexual abuse charge (i.e., pulling E.W.'s pants down and/or kissing her), the sole question that remained for the jury was whether Bird had the requisite sexual intent when the physical contact occurred. The neighbor's proffered testimony of the playhouse incident was irrelevant to establishing Bird's sexual intent at the time the physical contact occurred. Thus, the testimony was irrelevant to the sexual abuse charge.

**B.      Refusal to Participate in PSE**

For the first time on appeal, Bird contends that the district court violated his constitutional rights by increasing his sentence because he exercised his Fifth Amendment right to refuse to participate in a PSE. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the

---

[2]      To the extent the district court excluded the testimony on the basis that the conduct was not substantially conforming to the conduct at issue for application of I.R.E. 404(b), we cannot say the court abused its discretion. Bird argues that the court erred in excluding the testimony on the basis that it was irrelevant alternative source evidence; however, the court did not exclude it on this basis, and we will not address this argument.

need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978. Here, the alleged error occurred during sentencing. Under *Perry*, the three-part fundamental error test applies to sentencing.

Accordingly, we first address whether the district court violated any of Bird's unwaived constitutional rights. Bird asserts the court violated his right to due process at sentencing by punishing him for exercising his Fifth Amendment right against self-incrimination. Specifically, Bird contends the court erred by drawing adverse inferences about his propensity for future violations and risk to society because he refused to participate in the PSE.

This Court recently addressed the constitutionality of drawing adverse inferences at sentencing from a defendant's refusal to participate in a PSE in *State v. Jimenez*, ___ Idaho ___, ___ P.3d ___ (Ct. App. Dec. 4, 2015). In *Jimenez*, we held that a court may consider "a defendant's invocation of his or her Fifth Amendment privilege to refuse participation in [a PSE] as part of determining an appropriate sentence." *Id.* at ___, ___ P.3d at ___. We based our holding on the United States Supreme Court's decisions in *Mitchell v. United States*, 526 U.S. 314 (1999) and *White v. Woodall*, ___ U.S. ___, 134 S. Ct. 1697 (2014) and on several lower court decisions interpreting *Mitchell*. In *Mitchell*, the Supreme Court prohibited judges from drawing adverse inferences from a criminal defendant's silence at sentencing, but explicitly limited the prohibition "to factual determinations respecting the circumstances and details of the crime." *Mitchell*, 526 U.S. at 328. The *White* Court held that this limitation "leaves open the possibility that some inferences might permissibly be drawn from a defendant's penalty-phase silence." *White*, 134 S. Ct. at 1703 (holding that *Mitchell* cannot be read to require a *blanket* no-adverse-inference instruction at every penalty-phase trial). Accordingly, "some lower courts have noted *Mitchell's* narrow holding and have held that sentencing courts may consider a defendant's silence or refusal to answer questions in determining an appropriate sentence."[3]

---

[3] *See United States v. Kennedy*, 499 F.3d 547, 552 (6th Cir. 2007) (upholding a sentencing court's negative inference as to future dangerousness drawn from a defendant's refusal to participate in a court-ordered psychosexual examination); *State v. Hernandez*, 295 P.3d 451, 454 (Ariz. Ct. App. 2013) (joining jurisdictions that have concluded the Fifth Amendment does not preclude sentencing courts from considering a defendant's refusal to answer questions about the offense in determining whether he or she is suitable for probation); *State v. Blunt*, 71 P.3d 657, 662, 662 n.13 (Wash. Ct. App. 2003) (noting most courts have generally declined to extend *Mitchell* to prohibit inferences from silence in the context of sentence enhancements that do not

*Jimenez*, ___ Idaho at ___, ___ P.3d at ___. Thus, in *Jimenez* we joined "those jurisdictions that have adopted a narrow application of *Mitchell*, prohibiting only negative factual inferences as to the circumstances and details of the crime based upon a defendant's silence." *Id.*

In accordance with *Jimenez*, we hold that any adverse inferences the district court drew from Bird's refusal to participate in the PSE did not violate his Fifth Amendment right against self-incrimination. A PSE assists the district court in fashioning an appropriate sentence. It is an evaluative tool that aids in gauging a defendant's propensity for future violations. In this case, the district court noted that it could not assess Bird's propensity for future violations and risk to society without the PSE. Thus, any adverse inferences the court drew from Bird's refusal to participate in the PSE necessarily pertained to Bird's propensity for future violations and risk to society, not the circumstances and details of his crime. Because the district court did not draw any impermissible adverse inferences from Bird's refusal to participate in the PSE, it did not violate his Fifth Amendment right against self-incrimination and therefore, did not deprive him of due process in fashioning his sentence. Thus, the district court did not violate Bird's unwaived constitutional rights, there was no fundamental error, and we need not address the last two prongs of the *Perry* analysis.

**C.     Sentence**

Finally, Bird argues that his sentence is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct

---

involve factual details of the underlying crime). *But see United States v. Caro*, 597 F.3d 608, 629-30 (4th Cir 2010); *State v. Washington*, 832 N.W.2d 650 (Iowa 2013).

an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 627, 873 P.2d 877, 881 (1994); *State v. Pederson*, 124 Idaho 179, 182, 857 P.2d 658, 661 (Ct. App. 1993).

In fashioning Bird's sentence, the court properly weighed the factors enumerated in *Toohill*, giving due emphasis to the primary consideration of protecting society. The court considered the deterrence factor stating, "Imprisonment, obviously, on these types of cases will provide an appropriate punishment and deterrent not only to you but to the public in general." In considering the rehabilitation factor, the court noted that Bird's "less than credible" testimony and assertion that E.W. set him up showed that he had failed to take responsibility for his conduct. The court also noted that treatment for alcohol or substance abuse or mental health issues is most successful in a community setting, but that Bird might benefit from a more structured setting. Finally, the court considered the retribution factor stating,

> [A] lesser sentence will depreciate the seriousness of your crime. I think . . . in these types of cases, that when we say you've abused a child in this fashion, that probation isn't appropriate. I just don't think it is. I think that deteriorates the--or diminishes or depreciates the nature of the crime.

The court noted its lack of information regarding the PSE made its decision more difficult but stated, "[I]f I'm going to err, I'm going to err on the side of protecting society and the community." Thus, after considering the *Toohill* factors, including the primary factor of protecting society, the court determined Bird posed a high risk to the public and sentenced him to seven years of incarceration. Considering Bird's entire sentence, the nature of his offense, his character, and the public interest, this Court cannot say the district court abused its discretion.

## III.

## CONCLUSION

Bird has failed to demonstrate that the district court erred in excluding the neighbor's proffered testimony. Bird has also failed to demonstrate that the district court violated his right to due process by commenting on the lack of psychosexual information before it in determining

an appropriate sentence. Finally, the district court did not abuse its discretion in sentencing Bird.

Accordingly, Bird's judgment of conviction and sentence are affirmed.

Chief Judge MELANSON **CONCURS**.

Judge GUTIERREZ **CONCURS IN THE RESULT.**