IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of PAMELA LYNN DODDRIDGE, | ) ) ) | No. 82002-8-I |
| Appellant, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION OR |
| and | ) ) | PUBLICATION AND WITHDRAWING AND |
| WILLIAM SCOTT DODDRIDGE | ) ) | SUBSTITUTING OPINION |
| Respondent. | ) ) | |

Appellant Pamela Doddridge filed a motion to reconsider or publish the opinion filed on December 6, 2021, in the above case. Respondent William Doddridge did not file a response to the motion. The panel has determined that the motion for reconsideration or publication should be denied. The panel has also determined that the opinion filed on December 6, 2021 should be withdrawn to remove the maintenance modification language on page 6 and a substitute opinion filed. Now, therefore, it is hereby

ORDERED that appellant's motion for reconsideration or publication is denied. It is hereby further

ORDERED that the opinion filed on December 6, 2021 shall be withdrawn and a substitute opinion shall be filed.

Brennan, J

Smith, J.

Andrus, A.C.J.

FILED
2/7/2022
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 82002-8-I |
| PAMELA LYNN DODDRIDGE, | ) | |
| | ) | DIVISION ONE |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | UNPUBLISHED OPINION |
| WILLIAM SCOTT DODDRIDGE, | ) | |
| | ) | |
| Respondent. | ) | |

BOWMAN, J. — In 2002, Pamela and William Doddridge legally separated after 13 years of marriage. The couple reunited in 2003 but separated again in 2020. Now Pamela[1] appeals the trial court's CR 12(b)(6) dismissal of her petition for equitable division of property acquired after 2003 under the committed intimate relationship (CIR) doctrine. Because Pamela and William were married when they acquired their property, we affirm the trial court's order dismissing Pamela's petition for failing to state a claim on which the court could grant relief.

FACTS

Pamela and William married in 1989. They legally separated in April 2002. An Orange County, California, court entered an agreed judgment and decree of legal separation under case number 02D000984. The separation agreement attached to the judgment included provisions for child custody, child

---

[1] For clarity, we refer to Pamela Doddridge and William Doddridge by their first names. We intend no disrespect.

support, spousal maintenance, and the division of assets. It also provided that "[a]ny and all assets or obligations . . . obtained or incurred" by either party after December 28, 2001 would be "separate property." But Pamela and William never pursued an order dissolving their marriage. Instead, they reunited about a year after legally separating. Even so, they divided their assets consistent with the order of separation, and William fulfilled his child support and spousal maintenance obligations. The couple lived together for another 17 years before separating again in 2020.

In January 2020, Pamela petitioned the Skagit County Superior Court for an equitable distribution of the property she and William acquired between 2003 and 2020 under the CIR doctrine. William moved to dismiss the petition. He argued that Pamela failed to state a claim on which relief could be granted under CR 12(b)(6) because the parties remained married between 2003 and 2020.

The trial court first denied William's motion to dismiss but then dismissed Pamela's petition under CR 12(b)(6) on reconsideration. It found the "uncontroverted fact of the parties' lawful marriage bars [Pamela] from pursuing this claim of a committed intimate partnership in Washington." The court denied Pamela's motion for reconsideration. Pamela appeals.

ANALYSIS

Pamela argues the trial court erred by dismissing her CIR petition solely because she and William remained married between 2003 and 2020. We review CR 12(b)(6) dismissals de novo. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014).

2

Under CR 12(b)(6), a respondent may move to dismiss an action if the complaint fails to state a claim on which relief can be granted. A court may dismiss the action only if it is satisfied " 'beyond a reasonable doubt' " that " 'the plaintiff cannot prove any set of facts' " which would entitle the plaintiff to relief. FutureSelect, 180 Wn.2d at 962[2] (quoting Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007)); Deegan v. Windermere Real Estate/Ctr.-Isle, Inc., 197 Wn. App. 875, 884, 391 P.3d 582 (2017). We view all facts alleged in the complaint as true and may consider hypothetical facts supporting the plaintiff's claim. FutureSelect, 180 Wn.2d at 962.

A CIR[3] is a "stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist." Connell v. Francisco, 127 Wn.2d 339, 346, 898 P.2d 831 (1995). The CIR doctrine stems from equitable principles and protects the interests of unmarried parties who acquire property during their relationship by preventing the unjust enrichment of one at the expense of the other when the relationship ends. In re Marriage of Pennington, 142 Wn.2d 592, 602, 14 P.3d 764 (2000).

Courts apply a three-prong analysis for disposing of property when a CIR ends. Pennington, 142 Wn.2d at 602.

> First, the trial court must determine whether a [CIR] exists.
> Second, if such a relationship exists, the trial court evaluates the
> interest each party has in the property acquired during the

---

[2] Internal quotation marks omitted.

[3] A CIR was formerly called a "meretricious relationship," but "[o]ur Supreme Court has noted 'meretricious' carries negative and derogatory connotations and has chosen to substitute 'committed intimate relationship' for meretricious relationship." In re Meretricious Relationship of Long & Fregeau, 158 Wn. App. 919, 922, 244 P.3d 26 (2010).

relationship. Third, the trial court then makes a just and equitable distribution of such property.

Pennington, 142 Wn.2d at 602.

In determining whether a CIR exists, courts consider several nonexclusive factors, including (1) "continuous cohabitation," (2) "duration of the relationship," (3) "purpose of the relationship," (4) "pooling of resources and services for joint projects," and (5) "the intent of the parties." Connell, 127 Wn.2d at 346. "Courts should not apply these factors in a hypertechnical fashion, but must base the determination on the circumstances of each case." Muridan v. Redl, 3 Wn. App. 2d 44, 55, 413 P.3d 1072 (2018). And no one factor is more important than another factor. Pennington, 142 Wn.2d at 605. If a court determines that a CIR exists, it may distribute property acquired during the relationship that would amount to community property were the parties legally married. Muridan, 3 Wn. App. 2d at 56.

Pamela contends that "[t]he parties' 'lawful marriage' does not preclude [her] from seeking equitable relief under the [CIR] doctrine." But the CIR doctrine does not apply to married couples. Instead, its purpose is to protect the interests of unmarried parties who acquire property during a marital-like relationship. In re Kelly & Moesslang, 170 Wn. App. 722, 732, 287 P.3d 12 (2012) (courts use the CIR doctrine "to resolve the property distribution issues that arise when unmarried people separate after living in a marital-like relationship and acquiring what would have been community property had they been married"); see also In re Committed Intimate Relationship of Amburgey & Volk, 8 Wn. App. 2d 779, 787, 440 P.3d 1069 (2019). Because Pamela and William were still married

between 2003 and 2020, the CIR doctrine does not apply to the division of their assets.

Citing <u>Vasquez v. Hawthorne</u>, 145 Wn.2d 103, 33 P.3d 735 (2001), and <u>In re Meretricious Relationship of Long & Fregeau</u>, 158 Wn. App. 919, 244 P.3d 26 (2010), Pamela argues marital status is just "one factor the court considers in determining claims under the [CIR] doctrine." But neither <u>Vasquez</u> nor <u>Long</u> address the issue here—whether the CIR doctrine applies when the parties to a CIR petition are married.

In <u>Vasquez</u>, an estate case, the trial court granted summary judgment for the plaintiff, finding that he and the male decedent were in a CIR. <u>Vasquez</u>, 145 Wn.2d at 105. Division Two of our court reversed, holding that a CIR could not exist between same-sex cohabitants who at that time could not legally marry. <u>Vasquez</u>, 145 Wn.2d at 105.[4] Our Supreme Court disagreed, concluding that "[w]hen equitable claims are brought, the focus remains on the equities involved between the parties. Equitable claims are not dependent on the 'legality' of the relationship between the parties, nor are they limited by the gender or sexual orientation of the parties." <u>Vasquez</u>, 145 Wn.2d at 107. <u>Vasquez</u> does not support Pamela's argument that the CIR doctrine applies even when the parties seeking distribution of assets are married to each other. Instead, it establishes that the inability to marry lawfully does not foreclose application of the doctrine.

Nor does <u>Long</u> support Pamela's argument. In <u>Long</u>, the trial court ruled that two men were in a CIR even though for eight of the nine years the two

---

[4] Citing <u>Vasquez v. Hawthorne</u>, 99 Wn. App. 363, 994 P.2d 240 (2000), <u>vacated</u>, <u>Vasquez</u>, 145 Wn.2d at 103.

cohabited, one of the men was married to another person. Long, 158 Wn. App at 923-24. Division Three of this court affirmed the trial court. Long, 158 Wn. App. at 928. It recognized that "remaining married is a fact to consider" in determining if a CIR exists. Long, 158 Wn. App. at 926. But Division Three's reference to "remaining married" concerned a marriage outside the CIR, not a marriage between the parties seeking distribution of assets. Pamela cites no authority that the CIR doctrine applies to a married couple.

Even so, Pamela argues that the trial court's ruling cannot stand because it prevents her from "resolv[ing] her interest in property acquired by William after their legal separation." According to Pamela, the trial court's ruling leaves her "without a remedy"—"exactly the unjust result equitable remedies are intended to prevent." Pamela is not without remedy. She can seek relief from the decree of legal separation and the separate property provision of which she now complains under CR 60(b)(11) if she can show any reason "justifying relief from the operation of the judgment." If relief is justified, she can then petition the proper jurisdiction to dissolve her marriage and make a just and equitable disposition of marital assets and liabilities.[5]

Because the CIR doctrine does not apply to married couples, the trial court did not err by granting William's CR 12(b)(6) motion to dismiss Pamela's

---

[5] As much as Pamela argues her available remedy is unjust, she disregards that she agreed under the separation contract that assets and obligations obtained or incurred after separation would be separate. And she told the California trial court that she was entering the separation agreement "fully and completely informed as to . . . [her] rights and liabilities," and that she was doing so "voluntarily" and "free from fraud, undue influence, coercion or duress of any kind." She also ignores the benefits she received under the separation agreement—distribution of marital assets, a parenting plan, child support, and spousal maintenance—despite the parties' continued marriage.

CIR petition for failure to state a claim on which the court could grant relief.  We affirm.

WE CONCUR: